## J. E. THOMPSON *v.* J. O. BRYANT ET AL.

1. EVIDENCE.    *Written.    Parol.    Contract.*

    When a contract is written it is not competent, in a trial at law, to show by parol that the writing does not express the real agreement.

2. SAME.    *Consideration.*

    A consideration, recited in a written contract merely as a fact, may be varied by parol evidence; but when the stipulation of a writing concerning consideration is contractual, it cannot be so varied.

3. SAME.    *Bill of sale.    Partnership.    Assumption of debts.*

    Where one partner sells his interest in the partnership to the other, and a bill of sale is executed reciting a stated price, part cash and a note for balance, it is not competent, in a suit at law, to show by parol that the purchaser assumed the debts of the partnership.

FROM the circuit court of Lafayette county.

HON. EUGENE JOHNSON, Judge.

The facts are fully stated in the opinion.

*J. W. T. Falkner*, for appellant.

The plaintiff had the right to show by parol proof that the written contract signed by him did not express the real consideration of the purchase. He had the right to show that when he signed the contract, instead of being paid $1,700 in cash, he only received $1,200, and that it was received upon the understanding that it was to release him from all liabilities of the old firm. There is no proposition clearer or better settled than this one.

In the case of *Kerr* v. *Kuykendall*, 44 Miss., 137, the court, in passing on the written contract there involved, says if the contract thus reduced to writing does not, from fraud, accident, or mistake, truly embody and express the terms as agreed on, then it may be modified or corrected so as to correspond with the actual agreement; and parol evidence is admissible for the purpose of showing the discordance between the contract as written and that actually agreed on.

The effort on the part of the plaintiff was, not to alter, change or vary the terms of a written contract which he signed and delivered, but to show simply that his $500 note was a net balance due him on the purchase. The note is for five hundred dollars, the balance due him on the price agreed on as the net value of Thompson's interest in the stock of goods, wares, and merchandise, fixtures, and money on hand and on deposit, of the firm of Buford & Thompson; the contract only conveys the interest in the property purchased, and I submit that the evidence offered was competent and should have been allowed to go to the jury. 48 Am. Dec., 352; 68 Am. Dec., 607; 30 Am. Dec., 103; 34 Miss., 173; 58 Miss., 681; 107 Ind., 389; 41 Md., 162; 72 Ala., 286; 37 Ala., 46; 76 Ala., 298; 55 Miss., 453; 17 Ohio, 617.

*W. A. McDonald*, for appellee.

The purpose of the excluded evidence was to set up a parol agreement contemporaneous with the written contract, to show

that the written contract did not express the real contract between the parties.    In *Wrenn* v. *Hoffman*, 41 Miss., 619, 620, the court, in discussing this question, say: "At law a contract cannot rest partly in writing and partly in parol.    When parties have deliberately put their engagements in writing, in such terms as import a legal obligation, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing, and all oral testimony of a previous colloquium between the parties, or of conversations or declarations at the time when it was completed, or afterwards, is rejected, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties."    See, also, on this question, *Kerr* v. *Kuykendall*, 44 Miss., 146; *Baum* v. *Lynn*, 72 Miss., 932; *Cocke* v. *Blackburn*, 58 Miss., 537.

ENOCHS, Special J., delivered the opinion of the court.

Appellant sued appellees, in court below, on a note for $500, dated February 13, 1894, made by J. O. Bryant and indorsed by Buford & Bryant, payable to the order of appellant ninety days after date, with ten per centum interest after maturity, for value received.    The appellant and said Buford were partners, doing a mercantile business in the town of Oxford.    On February 13, 1894, appellant sold to J. O. Bryant his half interest in the business of Buford & Thompson, and executed and delivered to Bryant a bill of sale in these words: "I hereby bargain, sell, convey and warrant to J. O. Bryant, for $1,700 in hand paid, receipt of which is hereby acknowledged, my entire half interest in stock of goods, wares and merchandise, cash on hand and on deposit, together with fixtures, books and accounts, notes and choses in action, of whatever description, in the business of Buford & Thompson, a firm composed of P. C. Buford and myself, J. E. Thompson, doing business in the

town of Oxford, Miss., in brick storehouse on west side of square in said town.''

Defendant, J. O. Bryant, plead that he was the owner and holder of certain accounts against the old firm of Buford & Thompson, and filed an itemized account of said claims as a set-off, together with an account due by appellant originally to Buford & Thompson, and certain taxes due on the property sold to defendant. The trial resulted in a verdict and judgment for J. O. Bryant for $3.10.

.It is in evidence, and is admitted, that $1,200 of the purchase price were paid in cash, and that the note sued on was executed for the balance due appellant for his half interest in the business of Buford & Thompson. Appellant offered to prove, on trial below, that the written contract did not express the true and real contract between the parties—that Bryant assumed appellant's part of the indebtedness mentioned in his set-off. The court excluded this testimony, on the ground that oral evidence was not admissible to alter or vary the terms of the written contract.

Appellant makes five assignments of error, but they all present the single question whether the court below erred in excluding the testimony offered by appellant to prove that Bryant assumed the debts mentioned in his set-off as a part of the consideration for his purchase. This is the ground of error relied on by appellant for reversal, and our decision will be confined to this question.

The terms of a contract are the propositions stated and accepted by the parties, and when these are reduced to writing the writing settles the contract and binds the parties, and it is not competent, afterwards, in a trial at law, for one of them to show, by parol evidence, that the written contract does not express his real agreement. It has been repeatedly ruled, in this court, that a contract cannot rest partly in writing and partly parol. *Herndon* v. *Henderson*, 41 Miss., 584; *Wrenn* v. *Hoff-*

*man*, 41 Miss., 616; *Dixon* v. *Cook*, 47 Miss., 220; *Cocke* v. *Blackburn*, 58 Miss., 537.

Appellant, however, insists that the proffered testimony was competent to prove the real consideration of the contract, and that it would not come under the rule condemning parol evidence to alter or vary the terms of the contract. The subject of the admissibility of parol evidence to prove the real consideration of written contracts, was fully discussed and set forth in an elaborate opinion by Judge Cooper, in *Baum* v. *Lynn*, 72 Miss., 932. It was held, in effect, in that opinion, that a consideration recited or admitted merely as a fact may be varied by parol, while the terms of a contract may not be, and that, when the stipulation as to consideration becomes contractual, it, like any other written contract, is the exclusive evidence, and cannot be varied by parol. The terms of the contract are embodied in the note and bill of sale, and the contract they disclose shows what each of the parties finally agreed and contracted to do, and what they did, in relation to the transaction. Thompson sold and warranted his half interest in stock of goods, merchandise, etc., in the business of Buford & Thompson, to J. O. Bryant, and Bryant paid him $1,200 in cash, and gave him his note for $500, payable in ninety days. It is clear that the consideration is contractual, and is not a mere fact recited or admitted in the written contract. It cannot be said that the proffered testimony would not contradict, alter, add to or vary the terms of the contract, but only a mere fact recited or admitted in the contract. To permit appellant to show that Bryant assumed his part of the debts of Buford & Thompson, at the time he executed his note to appellant, would most certainly import a new element into the contract. The testimony was properly excluded.

*Affirmed.*