BENJAMIN F. BULLARD v. RICHARD T. BROWN ET AL.

[46 South., 137.]

DEEDS. *Evidence. Parol evidence affecting deeds.*

> Where grantors mutually exchanged lands by warranty deeds, each deed being the consideration for the other and the two purporting to speak the entire contract, an action will not lie by one of the parties against the other for damages because of the breach of an alleged oral agreement, averred to have induced the trade, by which the defendant guaranteed that a third person, falsely represented by defendant to be under contract to do so, would make designated improvements on the land conveyed to the plaintiff.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Ballard, appellant, was plaintiff in the court below; Brown and another, appellees, were defendants there. From a judgment in defendants' favor, the plaintiff appealed to the supreme court.

The opinion of the court states the facts.

*Clayton & Clayton,* for appellant.

The evidence shows that the appellee, R. T. Brown, in a conversation prior to the sale, fraudulently stated to appellant that

appellees had a written contract with O'Neal by which O'Neal was to make certain improvements on the land, and that appellees would guarantee performance of such contract. As the appellant believed this false statement of the appellee, and accordingly made exchange of his property with appellees, he should be entitled to a recovery of damages. 20 Cyc. 27, 128.

What weight is to be given to testimony of different witnesses and what inferences can logically be deduced from the testimony, are questions for the jury. *Maston* v. *State,* 83 Miss., 500; *Ladnier* v. *Ladnier,* 64 Miss., 368; *French* v. *Sale,* 63 Miss., 386.

*Guy Mitchell,* for appellees.

Appellant's own testimony shows he has not been damaged, because he admits that the house and crib were built; and it is shown by the preponderance of the evidence that he was in no was injured by the fact that the wire fence was not constructed around the tract of land.

But, the judgment of the court below must be affirmed for the reason that the rights of the parties arising from the exchange of lands are limited by the terms of the deeds, and the deeds are silent as to all the matters whereof appellant predicates his claim for damages.

CALHOON, J., delivered the opinion of the court.

Appellant and appellees exchanged pieces of real estate owned by them respectively. The deeds, by which the exchange was made, were warranty deeds, each being the consideration for the other. While not material to the case before us, it may be proper to say that the appellant, Ballard, sold the piece of land he got by the exchange not very long afterwards at a profit of $450. Subsequently he brought this action of trespass on the case, in which he demands $500 damages, because he avers that "in order to induce him to make the trade the defendants falsely and fraudulently represented to him that they had a written con-

tract with one O'Neal, by which O'Neal was to clear and put in cultivation thirty-three acres of land on the place during the year 1904, and cultivate it, and to enclose the entire eighty acres with a three-strand wire fence, and build a crib and stable, and sink a well, and that they would guarantee that O'Neal would comply with that contract and put these improvements on the land, and that they would mail to him a copy of the written contract with O'Neal, with their written guaranty that O'Neal would carry out the contract, and that the improvements would be made on the eighty acre tract," but that in fact the defendants never had any contract with O'Neal, and did not send in the copy of any contract guaranteed by them, and the work was never done, and the land because of that was worth $500 less. The second count of the declaration is practically the same as the first one, the averments of which have been mentioned, and therein it is further averred that Ballard relied on these statements and believed them to be true, "and said statements materially added to the reason for said exchange of land," and that the improvements would have increased the value of the land the $500 which is claimed in the action.

As we have said, both the deeds are silent as to improvements. It turns out in the proof and is admitted by Ballard that the house and crib were built and that the well was sunk, so the claim for damages is practically reduced to the fact that the wire fence was not constructed around the eighty acres of land and the clearing and cultivation of some twelve or thirteen acres had not been done. As we have said, the two warranty deeds are entirely silent as to any of these matters, and we do not think this action can be maintained, the effect of which would be to add to the written contract, as expressed by the deeds, these matters of oral agreement. The law supposes the parties put in their contract all that they wanted there to fully express what their minds consented to. In this view this case differs from all that class of cases of which *Myers* v. *Estell*, 47 Miss., 4, is a type.

*Affirmed.*