## W. H. English *v.* New Orleans & North Eastern R. R. Co.*

[56 South. 665.]

1. Evidence. *Admissibility. What law governs. Release. Parol evidence to vary.*

   The admissibility of evidence is governed by the *lex fori.*

2. Parol Evidence. *Written release. Admissibility to vary.*

   Where a stipulation in writing is contractual it cannot be varied by parol evidence.

Appeal from the circuit court of Lauderdale county. Hon. Jno. L. Buckley, Judge.

Suit by W. H. English against the New Orleans & North Eastern Railroad Co. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Fewell & Cameron,* for appellant.

Questions involved.

   1.  What law governs the alleged contract.
     (a)  The law of Louisiana, or
     (b)  The law of Mississippi.
   2.  Was it oral or written contract sued on.
     (b)  Is the oral agreement merged into the written release.
     (c)  If merged, is oral evidence as to different consideration inadmissible.
        1.  Under Mississippi law.
        2.  Under Louisiana law.

We shall take up the first branch of the law referred to above.

---

*NOTE.—A suggestion of error was filed in this case and partly sustained. The opinion on the suggestion of error will be found in 57 Southern Reports, page 223, and herein on page 809.

We think under all of the authorities that this contract is governed by the laws of the state of Louisiana (the *lex loci* controls). 22 Am. & Eng. Ency. Law, 1322. Citing, 27 Miss. 801; 2 How. 837; 34 Miss. 181; 1 S. & M. 176; 9 S. & M. 544; 59 Miss. 152; 42 Miss. 444.

If the alleged contract is to be construed according to the laws of Louisiana then we have no doubt but that the contemporaneous verbal agreement is perfectly binding and enforceable.

If the court should by any reasoning determine that the contract should be governed by the laws of Mississippi—or that the contract was to be performed in Mississippi and thereby make the laws of Mississippi applicable to the rights thereunder—we say that under the laws of Mississippi parol evidence was admissible to prove a different or further or another or to contradict the consideration expressed in the written instrument. See 44 Miss. 137; 45 Miss. 129; 57 Miss. 615; 57 Miss. 689; 67 Miss. 75; 74 Miss. 549; 84 Miss. 509; 84 Miss. 513.

*McWillie & Thompson* and *A. S. Bozeman,* for appellee.

It is clearly evident therefore, both from the pleadings and from the testimony that the alleged contract for permanent employment, sued upon by the plaintiff, was a verbal promise—an oral agreement to give the plaintiff permanent employment in consideration that he would release the appellees from all damages growing out of his personal injuries.

It is further apparent that this alleged oral agreement was contemporaneous with the written contract signed by the plaintiff by which he contracted to release the appellees from all damages for his personal injuries, in consideration of the sum of seven thousand dollars in money;

Or, in other words, the plaintiff's contention and testimony is that the contract and agreement entered into

between Mr. Curran and the plaintiff rested partly in parol and partly in writing—a thing which cannot legally be.

And this is a simple case of an attempt on the part of the plaintiff to supplement a written contract by parol evidence, so as to extend its terms to cover a matter which the written instrument excludes.

The written contract, which the plaintiff admits that he executed on the 4th day of August, 1908, some five hours after the negotiations between himself and Mr. Curran, and some five hours after he claims the parol agreement was made to employ him, is full and complete in its terms unambiguous, reasonable and plain; the plaintiff signed it knowingly and voluntarily. One of the instruments he carried with him back to Meridian, kept it in his possession till the next day, and then deposited it in a Meridian bank, and had the money, seven thousand dollars there placed to his credit.

The written instrument signed by plaintiff not a mere receipt for money but a formal release which can not be varied by parol. The voucher and release in evidence, signed by the plaintiff, are not a mere receipt for money which may be extended by parol, but it is a formal release, witnessing in plain and explicit terms the agreement on the part of the plaintiff, discharging the defendants from all liability for the injury received by the plaintiff, and are final and conclusive.

Consideration stated is contractual.—The appellant's contention is that it is always competent to show what is the true consideration of any agreement and that this may be shown by parol, but we submit that under the great weight of authority that this rule does not apply, when the consideration is contractual in its nature, as in this case.

Alleged parol promise not a collateral or distinct agreement.—It is not contended by the appellant that the parol promise upon which he sues is a collateral agree-

100 Miss.—37

ment merely; but that it was a part and parcel of the agreement entered into between himself and Mr. Curran, which was omitted from the written agreement thereafter executed in the matter, the exception therefore which applies to mere collateral agreement covered by some of the cases cited by counsel for appellant in his brief, does not apply as we have heretofore stated.

It does not matter whether this contract in this case is governed by the laws of Louisiana, where it was entered into, or the laws of Mississippi, where it was to be performed, because the laws of both states equally uphold the action of the court below in denying the plaintiff the right to vary the written contract in this case, by a contemporaneous parol agreement.

The only difference seems to be that the state of Louisiana has embodied the rule in a statute which provides (C. C., article 2276):

"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

And that parol evidence is not admissible in this case to contradict or vary the written statement or agreement of the plaintiff, is established by a long line of Louisiana decisions:

"Parol is inadmissible against or beyond what is mentioned in a written act, or as to what may have been said before or at the time of making it, or since. Hennen's Digest, XV (d) 1, p. 534; citing C. C. 2256, 1 N. S. 641; 3 N. S. 649; 16 La. 129; 18 La. 43; 18 L. A. 381, 4 Rob. 416; 1 Ann. 108; *Morgan* v. *Morgan,* 5 Ann. 230.

"Parol is inadmissible to contradict a written release." *Lesseps* v. *Wicks,* 12 Ann. 739.

"The unbending rule of our jurisprudence is that a party cannot vary or destroy his voluntary agreement by other than written evidence, which includes answers

to interrogatories or facts and articles.'' *Shreveport* v. *Davis Larosa,* 18 Ann. 577.

''Parol is not admissible to change the terms of a written contract.'' *Hunter Stewart* v. *Lewis Bros.,* 42 Ann. 37.

''Where a contract is plain and unambiguous parol evidence regarding the nature of the contract will not be admitted.'' *Hyman* v. *Schlenker,* 44 Ann. 109.

''A party having made a declaration in a written act, parol evidence is inadmissible to explain it.'' *St. Landry Bank* v. *Meyers,* 52 Ann. 1769.

''Unless error, fraud, or latent ambiguity be averred, parol testimony is inadmissible against or beyond what is recited in a written act, or as to what may have been said before or at the time of making it, or since. Application is made of the principle upon which rests the maxim *'expressio unius personae, vel rei, est exclusio ulterius.'* ''

What Law Governs.—The appellees do not agree with counsel for appellant that the question here involved is to be determined by the laws of the state of Louisiana.

The rule which we are invoking is a rule of evidence which pertains to the remedy and is determinable by the law of the forum, which in this case is the law of Mississippi.

But if the rule is to be regarded as a matter of substantive law entering into the validity of an enforcement of the contract, then we say that the law of Mississippi, and not the law of Louisiana is the *lex loci contractus;* because, while it is true that the negotiations were had in the state of Louisiana, and that the plaintiff signed the written contracts in the state of Louisiana, and that the consideration was paid and the release executed in Louisiana; still the oral promise of employment, sued upon was performable in the state of Mississippi —on the A. & V. Railway, which lies wholly in the state of Mississippi, and when a contract is made in one state,

but to be performed in another, the place of performance is the *Lex loci contractus,* and not the place where the agreement was made.  22 A. & E. Enc. Law, page 1325.

SMITH, J., delivered the opinion of the court.

This was a suit for damages for an alleged breach by appellees of an alleged contract to give appellant employment on appellees' roads.  There was a verdict and judgment for appellees, from which this appeal is taken.

In July, 1907, appellant was employed by appellees as engineer on a switch engine, and, while operating his engine in appellees' yards at Meridian, was injured by reason of the negligence of other employees of appellees. On August 4, 1908, appellant and the president of appellee corporations met in the city of New Orleans, agreed upon a settlement of appellant's claim for damages, and, pursuant thereto, the following release was executed by appellant:  "New Orleans, La., August 4, 1908.  I, the undersigned, William H. English, do hereby acknowledge to have this day received from the New Orleans & Northeastern Railroad Company, the Alabama & Vicksburg Railway Company, and the Alabama Great Southern Railroad Company, the sum of seven thousand dollars ($7,000), paid to me in full satisfaction and settlement of all claims of every kind whatsoever that I have or may have against said companies, or either of them, because of the personal injury received by me in Meridian yards on or about the twentieth (20th) day of July, 1907, hereby giving them full release, satisfaction, and guarantees of every kind whatsoever.  Signed in triplicate this 4th day of August, 1908.  [Signed] William H. English.  Witness:  [Signed] H. B. Sargent. [Signed] A. G. Tufts."  The seven thousand dollars was paid by check, containing in the body thereof a receipt from the appellant in the following language:  "In full settlement of all claims of every kind that I have or may have against the New Orleans & Northeastern R. R.

Co., the Alabama & Vicksburg Ry. Co., and the Alabama Great Southern R. R. Co., for personal injury received by me in Meridian yards on or about July 20, 1907, as per release attached.''

Appellant's declaration alleged, and while on the witness stand he testified, that in addition to the seven thousand dollars appellees, as a part of the consideration for the release agreed to give him ''his regular work as soon as he sufficiently recovered, and that, if he was unable to fill said position, that he, the said president and general manager, would procure employment for plaintiff in the railroad service at such work as the plaintiff was able to perform;'' that he was now able to work, but that appellees declined to comply with their agreement to give him employment. This evidence was by the court excluded, and a peremptory instruction given to find for appellees. It is immaterial whether this is a Louisiana or Mississippi contract, for the matter now under consideration relates to a rule of evidence, and consequently the *lex fori* governs. 22 Am. & Eng. Enc. Law (2d Ed.), p. 1385, and authorities there cited.

Appellant's contention is that the consideration of the release is merely stated therein as a fact, is simply an acknowledgment of receipt, and, consequently, can be varied by parol. This writing contains much more than a mere acknowledgment of the receipt of the consideration for the release, for it also contains a contract to receive the seven thousand dollars ''in full satisfaction and settlement of all claims of every kind whatsoever that I have or may have against said companies, or either of them, because of the personal injury received by me in Meridian yards on or about the twentieth (20th) day of July, 1907,'' and it then proceeds to grant ''full release, satisfaction,'' etc. The stipulation in the writing is therefore contractual, and cannot be varied by parol. *Thompson* v. *Bryant,* 75 Miss. 12, 21 South. 655; *Baum* v. *Lynn,* 72 Miss. 932, 18 South. 428, 30 L. R. A. 441;

*Cocke* v. *Blackburn,* 58 Miss. 537. It may be noted that this is not an effort to avoid the contract by reason of illegality or failure of consideration, but is simply an attempt to inject into the contract, and enforce, an agreement not contained in the writing, and necessarily excluded by its terms. We have carefully examined all of the authorities cited by counsel, but deem it unnecessary to refer to same, for the reason that our own cases fully cover the rule invoked.                    *Affirmed.*