CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

MARCH TERM, 1912.

D. D. Dodge *v.* J. W. Cutrer.

[58 South. 208—56 South. 455.]

1. CONTRACT. *Parol evidence. Consideration. Trial. Peremptory instructions.*

Parol evidence is admissible to explain or even contradict a written contract as to the mere consideration; but when the consideration is contractual, parol evidence is no more admissible to vary that than it is any other part of the written instrument.

2. TRIAL. *Peremptory instructions. Evidence.*

Where the evidence is conflicting on the issue involved, a peremptory instruction should not be given.

APPEAL from the circuit court of Coahoma county.
HON. SAM C. COOK, Judge.
Suit by D. D. Dodge against J. W. Cutrer. From a judgment for defendant, plaintiff appeals.
The facts are fully stated in the opinion of the court.

(844)

*D. A. Scott* and *Frank Johnston,* for appellant.

*Geo. Winston* and *Charles Clark,* for appellee.

No brief of counsel for either side found in the record.

McLEAN, J., delivered the opinion of the court.

The original opinion is found reported in 56 South. 455. At the earnest solicitation of counsel for appellee, we have once more traveled through this record.

*Sweatman* v. *Parker,* 49 Miss. 30, was cited for the sole purpose of showing that the party for whose benefit the contract is made has a right to bring suit in his own name. In addition, we cite *Washington* v. *Soria,* 73 Miss. 665, 19 South. 485, 55 Am. St. Rep. 555, wherein *Lee* v. *Newman,* 55 Miss. 365, is explained and to some extent overruled. The agreement executed by appellee is not a mere guaranty or indemnity, but is an absolute promise to pay "any and all debts for which H. C. Dodge and F. E. Dodge are jointly liable, or which were or are a part of the indebtedness contracted and owing by the firm of H. C. Dodge and F. E. Dodge, who lately conducted business as partners on the above-mentioned lands in Sunflower county, Miss." It would be doing violence to the terms of this contract to hold that it was a mere guaranty or indemnity to hold Mrs. Dodge harmless from the payment of this debt. The record shows appellee reserved out of the purchase price what the parties supposed was an amount sufficient to pay off and liquidate certain debts, among which is the debt sued on.

The court below ruled that parol evidence was admissible to show the consideration. The rule is well settled that ordinarily parol evidence is admissible to explain, or even contradict, a written contract as to the mere consideration; but, when the consideration is contractual, parol evidence is no more admisible to vary that than it is any other part of the written instrument. This

question was squarely settled by this court in *Baum* v. *Lynn,* 72 Miss. 932, 18 South. 428, 30 L. R. A. 441, *Thompson* v. *Bryant,* 75 Miss. 12, 21 South. 655, and *English* v. *N. O. & N. E. R. R.,* 56 South. 665. In each of these cases it was there said that a consideration, recited in a written contract merely as a fact, may be varied by parol evidence; but, when the stipulation of the writing concerning the consideration is contractual, it cannot be so varied. The terms of the contract are the propositions stated and accepted by the parties, and when these are reduced to writing, the writing settles the contract and binds the parties, and it is not competent afterwards for one of them to show by parol evidence that the written contract does not express the real agreement. So to do would be in the very teeth of the rule prohibiting the variance or contradiction of a written contract by parol. The very object of the parties in reducing the contract to writing is that it shall no longer be subject to oral disputation.

It is further contended that the peremptory instruction given by the court below should be sustained, because the evidence showed that the notes were forgeries. The evidence upon this point was contradictory, and the jury alone was the forum before which this question could be determined. We cannot consider upon this record the question as to the statute of limitations. *Duff* v. *Snider,* 54 Miss. 245; *Ouilette* v. *Davis,* 69 Miss. 762, 12 South. 27; *Burke* v. *Shaw,* 59 Miss. 443, 42 Am. Rep. 370.

After a thorough and painstaking consideration of this record, we see no reason to recede from the former opinion in this case, and the suggestion of error is overruled.          *Suggestion of error overruled.*