## Garner *v.* Garner.

[78 South. 623, Division B.]

1. **Estoppel.** *Warranty. After acquired title.*

   It is settled law that the execution and delivery of a warranty deed estops the grantor from thereafter acquiring any adverse title or interest in the land conveyed and that any subsequently acquired title inures to the benefit of the grantee.

2. **Same.**

   If the vendor at the time his deed is made owns only an undivided one-half interest, but his deed purports to convey the entire fee a subsequently acquired title to the other half interest passes *eo enstanti* to the vendee.

3. **Conveyance.** *Warranty. Encumbrances.*

   A warranty in a deed to real estate, that the grantor "shall forever warrant and defend the title to the said premises unto the party of the second part, his heirs, and assigns. against the claim of all persons lawfully claiming the same, or any part thereof," is a warranty against incumbrances.

4. REFORMATIONS OF INSTRUMENTS. *Mistake. Evidence.*
   Under the facts in this case as set out in its opinion the court held that the evidence did not show that defendants warranty was executed by mistake, so as to authorize a reformation of the deed.

5. REFORMATION AND INSTRUMENT. *Mistake. Evidence.*
   Where tenants in common of property executed mutual conveyances to each other in order to divide their interest, parole evidence was inadmissible to show that one tenant assumed an indebtedness secured by a deed of trust on one of the two tracts partitioned. where the deed did not mention any such agreement.

APPEAL from the chancery court of Prentiss county.
HON. A. J. McINTYRE, Chancellor.

Suit by Clenton Garner against Starlin Garner. From the decree rendered, both parties appeal.

The facts are fully stated in the opinion of the court.

*Cunningham & Cunningham,* for appellant.
*Cox & Cox,* for appellee.

STEVENS, J., delivered the opinion of the court.

This controversy grows out of an interchange of deeds by two brothers. In 1892 appellant, Starlin Garner, and his brother, W. C. Garner, were tenants in common of two separate tracts of real estate, one known as the home place and the other as the Blessingham place. The two brothers at that time were single men living under the same roof with their mother and sister and engaged in joint farming operations. W. C. Garner decided to get married, sell out his interest in the joint properties, and move west. Accordingly the two brothers traded one with the other, and the exact contract which was then made is now more or less a subject of dispute. The prominent facts as disclosed by this record are that the two took their old deeds, went before a justice of the peace, and requested the justice of the peace to prepare deeds for their execution. Ap-

GARNER *v.* GARNER.

pellant, Starlin Garner executed and delivered to his brother, W. C. Garner, a warranty deed for the Blessingham place, now the subject of controversy, while W. C. Garner and his bride executed and delivered to Starlin Garner a warranty deed to some two hundred acres of land comprising in the main the home place. Each of these deeds is a straight warranty deed for the entire fee. The deeds do not mention an undivided interest or disclose the fact that the grantor and grantee had been tenants in common. The, deed from Starlin Garner to W. C. Garner stated a consideration of one thousand, five hundred dollars in hand paid, while the other deed from W. C. Garner to appellant had a stated consideration of one thousand three hundred dollars. At the time of the execution and delivery of these deeds there was an outstanding mortgage upon the lands conveyed by appellant, Starlin Garner, to his brother; this mortgage having been given by the two brothers to W. A. Abrams as trustee to secure an indebtedness of one thousand, five hundred dollars due Mrs Connie E. Gower. Nothing was said in these deeds about the existence of this mortgage or the payment thereof; the only exception to the warranty being in the following language:

"That the said party of the first part shall forever warrant and defend the title to the said premises unto the party of the second part, his heirs, and assigns, against the claim of all persons lawfully claiming the same or any part thereof, except on account of taxes due from and after the 5th day of February, A. D. 1892."

In April, 1896, there was a, large balance due upon the deed of trust and the trustee foreclosed whereupon appellant appeared at the sale and bid off the land in his own name and received the trustee's deed. Complainant now deraigns title through the deed of trust and the trustee's deed aforesaid. In the course of time W. C. Garner died, leaving as his sole heirs his

widow and one child, Clinton Garner, the appellee in this suit. This bill was filed by Clinton Garner, to recover an undivided one-half interest in the Blessingham place and to require appellant Starlin Garner, to account for rents and profits. The bill was answered and the answer was made a cross-bill, in which it was alleged that there was a mutual mistake in the execution and delivery of the deeds; that the deeds were executed upon printed forms; that the draftsman failed to state the true agreement between the parties; that the real agreement was that W. C. Garner, as grantee in the deed from his brother, Starlin, was to assume the outstanding incumbrance, while Starlin Garner was to pay all other joint indebtedness of the two brothers in their farming operations and in addition thereto was to pay his brother, W. C., two hundred dollars in cash and give him a note for eight hundred dollars. It is alleged in the cross-bill that appellant paid the two hundred dollars in cash and that he executed and delivered to his brother a note in the sum of eight hundred dollars which has been duly paid, but that the deceased brother failed to pay the indebtedness secured by the deed of trust, but, on the contrary, permitted the land to be sold at trustee's sale, and that to protect himself appellant was compelled to buy in the premises at foreclosure sale. Appellant stands upon the trustee's deed, claims the entire fee thereunder, and prays in his cross-bill for a decree confirming his title. The learned chancellor decreed that appellee, Clinton Garner, as an heir of his deceased father, was entitled to recover, but limited this recovery to an undivided one-fourth interest to the lands in controversy, and to an accounting for one-fourth of the rents and profits. From this decree appellant prosecutes a direct appeal, while appellee prosecutes a cross-appeal. There is in the record an opinion of the chancellor dictated at the conclusion of the final hearing, and from this opinion we conclude that the chancellor entertained the view that

the defendant, as cross-complainant in the court below, "has a right to reform the deed to show that Starlin Garner deeded, sold, and warranted only his undivided one-half interest in this land," but that the chancellor was "not convinced from the proof, but, on the contrary, rather convinced of the fact that it was not the intention, never entered the minds of either party that this particular clause" to the effect that W. C. Garner, the grantee, was to assume and pay off the outstanding deed of trust, "should be placed in the deed;" the chancellor being of the opinion that parol evidence was not admissible to show any such agreement contrary to the plain import of the writing, and that the prayer of the cross-bill in that regard "will be denied." The widow of W. C. Garner, deceased, it will be noted, is not a party to this litigation and has not sued for any interest in the land; the inference being that any claim of hers is now barred by the ten-year statute of limitation.

Proceeding now to the legal question presented, it is settled law that the execution and delivery of a warranty deed. estops the grantor from thereafter acquiring any adverse title or interest in the land conveyed and that any subsequently acquired title inures to the benefit of the grantee. If the vendor at the time his deed is made owns only an undivided one-half interest, but his deed purports to convey the entire fee, a subsequently acquired title to the other half interest passes eo instanti to the vendee. *Edwards* v. *Hillier*, 70 Miss. 807, 13 So. 692. It makes no difference how the grantor acquires his belated title; a title through an outstanding deed of trust operates in favor of the grantee. *Harris* v. *Byers,* 112 Miss. 651, 73 So. 614. So it is that under previous adjudications in this and other jurisdictions the title acquired by appellant through the deed of W. A. Abrams, trustee, inures to the benefit of W. C. Garner and his heirs, and W. C. Garner at the time of his death owned the

entire fee. Appellee, Clinton Garner, as an heir at law, inherited an undivided one-half interest, and this interest he is entitled to recover in this suit. This land was sold more than twenty years ago, and appellee at the time of the foreclosure was a minor only two or three years old. Counsel for appellant rely upon the doctrine that "where after a conveyance with covenants the same lands are reconveyed to the grantor by his grantee with like covenants, the law construes such covenants as mutually canceling each other;" and contend also that this is a case where there is an estoppel against estoppel; that the deceased, W. C. Garner, was estopped to deny his obligation to pay off and discharge the indebtedness secured by the joint deed of trust. But the doctrine contended for has no application to the present case. The same lands were not here reconveyed by W. C. Garner to his brother, Starlin Garner, and the facts do not show a reconveyance within the doctrine contended for. It cannot be said that W. C. Garner was under duty to pay off the deed of trust. He received a deed from appellant, the terms of which devolved the duty upon appellant to discharge the land from any prior incumbrance. This is the necessary effect of the warranty.

It is accepted law that the warranty of the kind here under review is a warranty against incumbrances. The proof does not show any mistake. The only eyewitness to the transaction was the justice of the peace whose deposition was taken, and who testifies that the deeds were made in exact conformity to the wishes and directions of the parties. If there was a mistake in the execution and delivery of a deed from appellant to his brother, W. C. Garner, then there was the same mistake in the deed from the latter to appellant in conveying the home place. Each deed conveys the entire fee, and warrants entire interest. It is significant that the attention of the parties was directed to the outstanding

lien for taxes, and that the only exception in either deed was an exception in reference to paying all taxes due after February 5, 1892, the date of the conveyances. It is significant also that W. C. Garner received in the transaction two hundred dollars in cash and a note from appellant for eight hundred dollars. If W. C. Garner was to pay the outstanding indebtedness, it is very probable that appellant would have required him to apply these funds towards liquidating the outstanding mortgage.

But any parol evidence to contradict the plain terms of the deed is inadmissible, and on this point the chancellor was correct in his rulings and in his conclusions. Appellant could not show by parol evidence that W. C. Garner in fact assumed the indebtedness secured by the deed of trust. Any question on this point has been put at rest by the case of *Thompson* v. *Bryant,* 75 Miss. 14, 21 So. 655. The doctrine announced in this case has been referred to with approval in the subsequent cases of *English* v. *N. O. & N. E. R. R. Co.,* 100 Miss. 575, 56 So. 665, and *Dodge* v. *Cutrer,* 101 Miss. 844, 58 So. 208. See, also, *Bullard* v. *Brown,* 93 Miss. 106, 46 So. 137; *Hightower* v. *Henry,* 85 Miss 479, 37 So. 745. Instead of putting in the deed an express stipulation that the grantor was to pay off and discharge the deed of trust, it was perfectly competent for the grantor to enter into general covenants of warranty and in this way to obligate himself to free the estate of any outstanding incumbrance. The point we are here stressing is that the contract under attack is a perfectly lawful agreement and not at all unreasonable. By the contract as written the parties must be bound and their rights determined. There is no question in this case about laches or adverse possession so far as the interests of appellee are concerned. Looking, then, to the deed, appellee is entitled to an undivided one-half interest in the premises and to a proper accounting for

rents.   The chancellor erred in not making the estop-
pel of appellant as grantor in his warranty deed co-
extensive with the estate or interest which he attempted
to convey and warrant. . From the circumstances of
the parties the chancellor was led to the conclusion
that appellant intended to convey only an undivided
one-half interest.   It is true that appellant owned only
an undivided one-half interest, and that his deed in
fact operated to convey only an undivided one-half
interest.   But in making this deed he assumed to warrant
the entire fee, and this contract of gereral warranty
places the burden upon him to free the estate of then
existing liens.

It follows from what he have said that the decree of
the learned chancery court must be affirmed on direct
appeal and reversed on cross-appeal.   The chancellor
retained jurisdiction. for purposes of an accounting,
and we accordingly direct that the decree of the trial
court be reversed on cross-appeal and the cause re-
manded, with directions that the special master, already
appointed, take and state an account under the further
directions of the chancellor in accordance with the
views expressed in this opinion.

Affirmed on direct appeal, and reversed and remanded
on cross-appeal.

*Affirmed.*
*Reversed and remanded.*