## MARTIN *v.* PARTEE.

[83 South. 673, In Banc. No. 21001.]

COVENANTS. *Evidence. Warranty against incumberances includes taxes. Parol evidence inadmissible to show grantee assumed payment of taxes.*

Under Code 1906, section 2817 (Hemingway's Code, section 2318) so providing the word "warranty" in a conveyance embraces all five covenants known to the common law and a warranty against incumberances, except a described mortgage includes a warranty against a lien for taxes for the current year. And parol evidence is inadmissible to show that the grantee agreed to pay the taxes as a part of the consideration since to allow this would be to import a new element into the contract and would contradict the express language of the deed itself by excluding the taxes for that year from the convenant against incumbrances therein contained.

APPEAL from the chancery court of Quitman county. HON. JOE MAY, Chancellor.

Suit by Chas. W. Partee, Jr., against S. R. Martin. From a decree for complainant, defendant appeals. The facts are fully stated in the opinion of the court.

*Church & Gannaway,* for appellant.

The line of authorities relied upon by the plaintiff below, setting up the rule that parol evidence is not admissible to contradict a written instrument, is not applicable to this case. This rule is never applicable in matters of consideration. The testimony offered by Mr. Martin was not an attempt to vary or contradict the deed, but to show that the 1917 taxes had, in fact, been paid by Mr. Martin in the settlement. *Wade* v. *Barlow,* 89 Miss. 33; *Meyers* v. *Casey,* 57 Miss. 615; *Allen* v. *Miller,* 99 Miss. 75.

2. The tax sued for was actually paid by Martin to Partee in the settlement, and the cash consideration paid by Parte was less than it would have been under the contract but for this payment of taxes. While the suit might have been maintained by one of the subsequent vendees of Partee, it was actually filed by Partee, who had received the money, and cannot, for that reason, be maintained.

It is permissible to show by parol that an encumbrance, not excepted in the deed, was actually paid for or settled by the grantor, and that a tax not specifically excepted in the deed was in fact paid by the grantor in the settlement. *Laudman* v. *Ingra,* 49 Mo. 212; *Fitzer* v. *Fitzer,* 29 Ind. 468; *Carter* v. *Louthian,* 38 Ind. 530; *Hays* v. *Peck,* 8 N. E. 274; *Pitman* v. *Conner,* 27 Ind. 337; *Robinius* v. *Lister,* 95 Am. Dec. 674; *Haire* v. *Baker,* 5 N. Y. 357; *Coop-Wood* v. *McCandliss,* 99 Miss. 364; *Fowlkes* v. *Lea,* 36 So. 1.036; *Allen* v. *Lee,* 48 Am. Dec. 352; *Hall* v. *Dean,* 13 Johns 105; *Sidden* v. *Riley,* 22 Ill. 111; *Leland* v. *Stone,* 10 Mass. 459; *Spurr* v. *Andrew,* 6 Allen 422.

3. Partee was not an innocent purchaser since he expressly assumed the payment of these taxes, and to allow him to collect for them a second time would be to allow him to perpetrate a fraud. The Mississippi authorities above cited, together with all of the authorities relied upon by Partee, setting up the rule of the inadmissibility of parol evidence to contradict a written instrument, hold that such evidence is admissible to prevent fraud.

4. He who comes into equity must come with clean hands and Partee cannot sue for the recovery of these taxes, when the record shows that he expressly agreed to pay them as a part of the consideration for the land.

5. The settlement sheet was in writing and was clearly admissible in evidence.

6. If the court should hold that the appellee is right in his contention that the testimony is inadmissible in evidence showing that the payment of the taxes by Partee was a part of the consideration of the purchase of the land, then, in order for justice to be done, this court should enter a decree, without prejudice to Martin to sue Partee to recover the amount of the taxes or to file a bill to reform the deed.

*E. C. Black* and *J. W. Mack,* for appellee.

Now as to the legal propositions involved in this case, we respectfully submit to the court the following authorities for its consideration: We think that the preponderance of the testimony abundantly establishes the fact that Mr. Partee did not assume the 1917 taxes, but if we should be mistaken in this, then we submit that any agreement that he may have made to this effect was oral and before the execution and delivery of the deed, as testified to by Mr. Martin, himself on pages 57, 58, and 59 of the transcript, and would be incompetent as tending to contradict the deed. 10 R. C. L., pages 1021 to 1023 Inc., *Cox v. Reed,* 74 So. 330; *Baum v. Lynn,* 18 So. 428, 72 Miss. 942; *Cox v. Blackburn,* 58 Miss. 537; *Johnson v. Johnson,* 21 So. 147, 74 Miss. 549; *Thompson v. Bryant,* 21 So. 655, 75 Miss. 12; *Wren v. Hoffman,* 41 Miss. 616; *Maxwell v. Chamblin,* 23 So. 266 (not officially reported); *English v. Railroad Co.,* 56 So. 665; *Houck v. Wright,* 23, So. 422, 77 Miss. 476. And many other Mississippi cases that could be cited.

See also Devlin on Deeds, sections 914 and 915. The authorities hereinbefore enumerated lay down the doctrine that in the absence of any fraud or mistake, oral testimony will not be admitted to vary or contradict

a written instrument. This is so well settled that counsel would not and could not deny it.

In this case we might add that there is absolutely no hint of any fraud, accident or mistake, nor any attempt to reform the instrument because not stating the contract, so we have before us the plain proposition of whether or not appellant would be permitted to show by oral testimony that Mr. Partee, when he accepted the deed, not only assumed and agreed to pay the debts set out in the deed, but also obligated himself to pay another lien on the land not mentioned therein, and if this is permissible, then why not show that appellee promised to pay some other indebtedness that might be mentioned.

If this was the rule, it is manifest that a covenant of warranty in a deed would mean nothing and there would be no limit to the side agreements and understandings that might be proved in a case like his. In fact to state the proposition is to show its absurdity.

Counsel for appellant has cited many cases, none of which are in point, with the exception of possibility one. The case of *Allen* v. *Lee,* 48 Am. Dec. 352, which is a South Carolina case cited by counsel, at first glance appears to sustain counsel's position, but a closer reading of it shows that the facts were entirely different from the facts in the case now before the court.

The warranty in the South Carolina case was not to take the party bringing the suit, but to another person.

This seems to be the only case that counsel could muster that even pretends to remotely sustain his position, and it is thoroughly discredited by every decision that has come from our court where this question was involved. Without taking up the time of the court unnecessarily we will refer only briefly to some Mississippi cases directly in point.

In the case of *Baum* v. *Lynn*, 18 So. 428, it is held that a deed which recited that whereas the grantee's guardian had loaned his ward's money to the grantor, the grantor in consideration of her release from liability of such loan, did thereby convey, etc., parol evidence is inadmissible to prove that in addition to the release of grantor such deed was made and accepted in release of the guardian's liability also.

In the case of *Johnson* v. *Johnson*, 21 So. 147, the court holds that a receipt by the vendor of lands acknowledging the payment of money by the vendee "to be placed to his land credit and balance to account" is a contract for the application of the payment which cannot be varied by parol.

And the stronger case is that of *Thompson* v. *Bryant*, reported in 21 So. 655, 75 Miss. 12, holds that where a vendor by bill of sale reciting the transfer of one-half interest in a partnership for a stated price and a note given by the purchaser for the balance of the price after paying a part in cash cannot be varied by parol evidence to show that the purchaser, as a part of the consideration assumed the seller's share of the firm's debts.

The case of *English* v. *The Railroad Company*, reported in 56 So. 665, holds that where the plaintiff by writing acknowledged receipt from the defendant, of seven thousand dollars in full satisfaction of all claims on account of personal injury, could not be varied by parol evidence showing that as a part of the consideration of the release, defendants agreed to obtain employment for him as soon as he was able to work.

Now it is the contention of the appellant in this case that the parol testimony offered and rejected by the court was only for the purpose of showing the consideration and not to contradict the terms of the deed and therefore not incompetent. The same contention was made in the case just above cited in *English* v. *Railroad Company* but the court in its opinion says that

the receipt or statement acknowledged receipt of the money in much more than a receipt, and could not be varied by parol, citing a number of cases already mentioned above.

We now desire to call the court's attention to the case of *Maxwell* v. *Chamblin*, not officially reported but to be found in 23 So. 266, which in our opinion settles this case beyond controversy.

This case holds that where an agreement for a conveyance, and the deed conveying the property merely shows a sale subject to an existing lien, parol evidence is inadmissible in the absence of fraud or mistake, showing that the grantee agreed to pay the debt represented by the lien. This case goes beyond any that we have yet cited and following the reasoning in this case, in the case at bar, if Mr. Martin had conveyed this land to Mr. Partee and reciting that the conveyance was subject to the lien in favor of the bank in Memphis, then Mr. Martin could not be heard to testify that Mr. Partee assumed said lien, which of course is a much stronger case than we now have before the court.

It has been argued by appellant that the oral testimony offered was not intended to contradict the deed, but only to explain the consideration, but we can see at a glance that instead of explaining the consideration, it imposes on the appellee a duty to shoulder a burden in addition to that imposed on him by the plain terms of the deed.

We submit that this cannot be done, and learned counsel in his brief has shown us no authority for his contention.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree awarding the appellee, who was complainant in the court below, damages because of the breach by the appellant of a covenant of

warranty contained in a deed executed by the appellant to the appellee. The appellant lives in the State of Tennessee, and the suit was begun by an attachment under the provisions of section 537, Code of 1906 (Hemingway's Code, section 294).

The appellant sold certain land to the appellee by a warranty deed executed on the 4th day of September, 1917; the consideration therein set forth being five thousand dollar in cash, the assumption by the grantee of an indebtedness amounting to twelve thousand dollars due by the grantor to a third person and secured by a deed of trust on the land, and the execution by the grantee to the grantor of several promissory notes aggregating the sum of fifteen thousand dollars. The appellant failed to pay the taxes due on the land for the year 1917; consequently the appellee was compelled to do so himself, and, upon the appellant declining to reimburse him therefor, he instituted this suit.

The appellant's defense is, and he sought, but was not permitted, to introduce parol evidence to prove, that at the time of the execution of the deed the appellee agreed as a part of the consideration therefor to assume the payment of the taxes on the land for the year 1917. The warranty contained in the deed, being general, covers all incumbrances on the land, including the taxes for the current year. Section 2817, Code of 1906 (Hemingway's Code, section 2318); *Swinney* v. *Cockrell*, 86 Miss. 318, 38 So. 353. And to admit the evidence sought to be introduced by the appellant would not only import a new element into the contract, to wit, a promise by him to pay the taxes on the land for the year 1917, but would also contradict the express language of the deed itself, by excluding the taxes for that year from the covenant against incumbrances therein contained; consequently no error was committed by the court below in excluding it, for, while a consideration recited in a written instrument merely as a fact may be varied

by parol evidence, the terms of the instrument itself cannot be. *Baum* v. *Lynn,* 72 Miss. 932, 18 So. 428, 30 L. R. A. 441; *Thompson* vs *Bryant,* 75 Miss. 12, 21 So. 655; *English* v. *Railroad,* 100 Miss. 575, 56 So. 665.

Where a deed contains a covenant against incumbrances, the authorities are conflicting as to whether or not the assumption by the grantee of the incumbrance may be shown by parol evidence. 3 Ency. Evidence, 386; 2 Devlin on Deeds (3 Ed.), section 914. But the rule in this state is that such evidence is inadmissible. *Maxwell* v. *Chamberlin,* 23 So. 266.

*Affirmed.*