HICKS *v.* SULLIVAN *et ux.*

[89 South. 817. No. 22042.]

COVENANTS. *Evidence. General warranty includes warranty against incumbrances, and parol evidence is inadmissible to show assumption of deed of trust.*

A general warranty in a conveyance includes a warranty against incumbrances on the land conveyed, and parol evidence is inadmissible to show that the grantee therein agreed to assume a deed of trust then on the land.

APPEAL from chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.

Bill by Ben Hicks against Luther Sullivan and wife, to enforce a vendor's lien. From a decree dismissing the bill, the plaintiff appeals. Reversed and remanded.

*Neil & Clark* and *Moody & Williams,* for appellant.

The defendants below rested their case solely on the testimony of Mr. J. B. Small, which was to the effect that he

heard a conversation between complainant and Luther Sullivan and that complainant agreed to pay off this lien. Mr. Small's testimony was introduced over the objection of complainant below where Mr. Small, in answer to interrogatory number five, undertook to testify as to the conversation and agreement made at the time the deed was passed, and Mr. Small took the stand and orally testified to substantially the same thing.

Without this testimony the complainant must have recovered in the court below. It has been clearly and unequivocally decided by this court that the effect of such evidence would not only import a new element into the contract, but would also contradict the express language of the deed itself. *Martin* v. *Partee,* 83 So. 673. This case is a clear announcement of the rule applicable to cases of this kind. 3 Ency. Evidence, 386; 2 Devlin on Deeds (3 Ed.), 914; but the rule in this state is that such evidence is inadmissible. *Maxwell* v. *Chamberlin,* 23 So. 266.

We respectfully submit that the decree should be reversed and a decree entered here fixing a lien on the lands in Sunflower county, Mississippi, in favor of appellant for the amount shown by the record to have been paid out by him in discharge of the lien on the land in Montgomery county.

*Walter S. Chapman,* for appellee.

I respectfully refer this honorable court to Mr. Small's testimony on pages from 49 ɔ 55 inclusive, and also to pages 59 and 60 of this record. In the case of *Duncan* v. *Chaplin,* 75 Miss. 445, Justice TERRAL, delivering the opinion of the court, states that a deed takes effect from delivery citing 2 Parsons on Contracts, page 762, therefore, when Luther Sullivan delivered his deed to Ben Hicks in fulfillment of their agreement just previously made, and Ben Hicks received the same without objection, the title to the lands exchanged was vested in each as described in their separate deeds, with the burden of paying the debt due Walker Woods resting on Ben Hicks.

Smith, C. J., delivered the opinion of the court.

The appellant exhibited an original bill in the court below against the appellees, who are husband and wife, to establish and enforce a vendor's lien on certain land conveyed by him to the appellee, Cora Sullivan. The case was heard upon bill, answer, and proof, resulting in a decree dismissing the bill. The bill alleged in substance that the land was conveyed by the appellant to Cora Sullivan by deed reciting a cash consideration of five hundred dollars, but that the real consideration was the conveyance to the complainant by Luther Sullivan of certain other land by a general warranty deed; that the land so conveyed to him by Luther Sullivan was incumbered by deed of trust placed thereon by Sullivan, and that the appellant was compelled to pay the debt secured thereby in order to prevent the foreclosure of the deed of trust; and that the existence of this deed of trust was not known to the complainant at the time he executed the deed to Cora Sullivan. The prayer of the bill is that the defendants be decreed to reimburse the complainant for the expense incurred by him in obtaining the discharge of this deed of trust, and in default thereof that the land conveyed by him to Cora Sullivan be sold for and the proceeds applied to the payment of the debt so due him.

The evidence for the appellant is in accord with the allegations of the bill, except that the consideration of this deed to Cora Sullivan was the conveyance to him by Luther Sullivan of the land described in the bill, and also the payment to him of one hundred dollars in cash and the delivery to him of two cows. He admits receiving the one hundred dollars and one cow, but claims that the other cow was never delivered to him. At the close of the evidence he asked to be permitted to amend his bill so as to include these additional facts therein, and also a prayer for the recovery of the value of the cow that was not delivered to him. This motion was overruled on the ground that it came too late.

The appellee introduced parol evidence to the effect that when the deeds were delivered Luther Sullivan gave the appellant one hundred dollars and two cows, in consideration of which the appellant agreed to assume the deed of trust on the land then conveyed to him by Luther Sullivan.

Two questions are presented to us by the briefs of counsel for decision: First, should the appellant be allowed to amend his bill? and, second, does parol evidence that the appellant assumed the payment of the debt secured by the deed of trust on the land conveyed to him by Sullivan contradict the terms of the deed by which the land was conveyed within the rule prohibiting the contradiction of a written instrument by such evidence? Since the decree of the court below must be reversed on the second proposition, it will not be necessary for us to decide the first, for, on return of the cause to the court below, the appellant will have an opportunity to amend his bill should he then desire so to do.

The warranty in the deed from Luther Sullivan to the appellant covered the deed of trust on the land therein conveyed, and any contemporaneous agreement by which it was excluded therefrom, or the payment thereof assumed by the appellant, would necessarily import a new element into the deed, and also contradict its express language; consequently it cannot be proven by parol evidence. *Maxwell* v. *Chamberlin,* 23 So. 266; *Martin* v. *Partee,* 121 Miss. 482, 83 So. 673.

The decree of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*