## M. J. COCKE *v.* A. L. BLACKBOURN.

CONTRACT. *Consideration. Written stipulations. Verbal promises. Evidence.*
The right of the defendant in an action at law, on a bill single, to prove a
failure of the consideration thereof, does not entitle him to introduce evidence
in relation to verbal promises made by the plaintiff antecedent to or contem-
poraneous with the execution by the parties of a formal written instrument
evidencing the contract in pursuance of which the bill single was given.

APPEAL from the Circuit Court of Tate County.

Hon. SAMUEL POWELL, Judge.

This action was brought by A. L. Blackbourn against Mrs.
M. J. Cocke, on a sealed note, or bill single, given by her to
him, as therein recited " in payment of his stock of merchan-
dise." The defendant filed a plea to the effect that at the time
of the execution of the bill single it was verbally agreed be-
tween the parties, as a part of the contract thereof, that the
plaintiff would buy goods from the store of the defendant to the
amount of said bill single ; that the plaintiff would use his
influence to bring trade and business to the defendant ; and
that plaintiff would not engage in business in opposition to
the defendant. The plea averred a failure of the plaintiff to
perform these verbal promises, and a consequent failure of
this part of the consideration of the bill single. The plaintiff
replied, traversing the defendant's plea.

On the trial, the defendant offered to support his plea by
evidence of verbal declarations made by the plaintiff, but the
fact was disclosed that there was a written agreement in rela-
tion to the transactions out of which the bill single arose,
which was entered into by the parties at the time of, or subse-
quent to the making of the verbal declarations ; and there-
upon the plaintiff moved to exclude all evidence " setting
up an agreement different from the written compact, or
containing stipulations not mentioned in it." The court sus-
tained the motion, and the defendant excepted. The verdict

and judgment were for the plaintiff, and the defendant appealed.

*Shands & Johnson*, for the appellant.

The court below erred in excluding the testimony offered by the defendant as to the verbal promises of the plaintiff, which formed a part of the consideration of the bill single sued upon.

Is the written contract put in evidence of greater sanctity or more value than the bill single which was subsequently given, and which recited a consideration? This writing is no part of the contract sued on, and is as susceptible of having an additional consideration engrafted upon it by parol proof as is the bill single sued on. The testimony shows that the writing became *functus officio* at the time of the execution of the bill single. Parol evidence is always admissible to show that a writing has been discharged by some subsequent instrument or agreement, or by receiving payment or satisfaction. Stark. on Ev. 678 ; *Butler* v. *Smith & Tharp*, 35 Miss. 457 ; *Lord Melton* v. *Edgworth*, 5 Bro. P. C. 313. Again, the rule as to the exclusion of parol evidence does not apply when the writing does not contain all the terms of the agreement. *Lockett* v. *Necklin*, 2 Exch. 93 ; *Cocke* v. *Blackbourn*, 57 Miss. 692, and authorities there cited.

*Oglesby & Taylor*, for the appellee.

The law is that where there is a written contract, it only will be looked to or considered in determining the will of the contracting parties and the extent and manner of their undertaking, and that all conversations, assurances, and promises made previous to the written contract, deemed material by the parties, become merged into the writing, which becomes the sole embodiment of their will. 1 Greenl. on Ev., sects. 275, 303 ; Pars. on Notes & Bills, 501 *et seq.* ; 8 Smed. & M. 777 ; 9 Smed. & M. 212 ; 12 Smed. & M. 508 ; 41 Miss. 584, 616 ; 54 Miss. 716, and also see cases cited in our brief and argument in *Cocke* v. *Blackbourn*, 57 Miss. 689, and the opinion in that case.

CAMPBELL, J., delivered the opinion of the court.

When this case was here before, the single question presented for decision was, whether the statement of the bill single as to its consideration precluded the maker from showing by parol the true consideration to have been different from that expressed in the writing ; and we held that the real consideration might be shown. 57 Miss. 689. When the case was remanded to the Circuit Court, the plaintiff there replied to the plea, which set up the consideration and its failure, by traversing it ; and when the defendant presented parol evidence in support of the plea, it was made to appear that a formal written instrument had been subscribed by the parties, evidencing the contract out of which the bill single grew, and that the effort of the defendant was to vary the terms of that contract as contained in the writing.

The court, on the motion of the plaintiff, excluded all parol evidence of declarations made by him antecedent to or contemporaneous with the formal reduction to writing by the parties of the stipulations between them which led to the execution of the bill single. This was clearly right. There is a broad distinction between the question now before us and that presented by the case when here before. We then held that the well-settled doctrine that when parties resort to writing as a memorial of the terms of their contract, parol evidence is excluded, could not be perverted to shelter fraud and falsehood by shutting out the truth as to the consideration of a promise to pay. We now announce our adherence to the wholesome doctrine that where parties embody their mutual agreements in a formal written instrument, it must be taken as containing all they then desired to preserve the evidence of, and that it is not competent afterwards, in a trial at law, to add to or subtract anything from it, by parol evidence of something which it should have contained or omitted.

Judgment affirmed.