ELLEN BAUM, EXECUTRIX, *v.* MARY G. D. LYNN.

1. EVIDENCE. *Parol to vary writing    When not admissible.*

Where parties embody their mutual agreements in a formal written instrument, it must be taken as containing all they then desired to preserve the evidence of, and, in the absence of fraud or mistake, it is not competent to add to or take from it by parol evidence. *Cocke* v. *Blackbourn,* 58 Miss.. 537.

2. SAME. *Consideration, whether stated as part of contract.    Effect.*

Where, in a deed or other contract, the consideration, or an admission of its receipt, is stated merely as a *fact,* that part of the instrument is viewed as a mere receipt, and is subject to be varied, modified or explained by parol; but it is otherwise where the stated consideration is in the nature of a contract, and creates, extinguishes or vests a right.

3. SAME. *.Release as consideration.    Parol proof.*

Accordingly, a release embodied in a conveyance of which it is the consideration cannot be contradicted by parol, since it extinguishes a pre-existing right.

4. SAME. *Deed.    Consideration.    Release of liability.*

Where, after death of a guardian and maturity of the ward, one who had borrowed the ward's money, executes to her, in settlement, a conveyance of land "in consideration of the full acquittance, discharge and release of said grantor from all liability to the guardian or ward *for or on account of said loan,*" in an action by such ward on the bond of the guardian, parol evidence is not admissible to show that, by the conveyance, it was also intended to release the guardian from all liability to the ward. To permit this would import a new element into the contract.

5. PAROL EVIDENCE TO .VARY WRITING. *Strangers to contract.*

The sureties cannot claim exemption from the rule excluding parol evidence in such case, on the ground that they were not parties to the contract. Since they claim under it, they are bound according to its terms.

6. GUARDIAN'S BOND.   *Surety.   Discharge.   Execution of new bond.*

   A guardian's bond is not discharged by the execution of a second bond directed to be given to meet an increase of the ward's estate. *McWilliams* v. *Norfleet*, 60 Miss., 987.

FROM the chancery court of Warren county.
HON. CLAUDE PINTARD, Chancellor.
The facts are stated in the opinion.

*M. Marshall*, for appellant.

The recital of the consideration in the deed is always open to parol proof.   17 Am. & Eng. Enc. L., 438.   Besides, Jno. A. Klein was not a party to the conveyance, and was at liberty to show its true consideration.

*L. W. Magruder*, for appellee.

Parol testimony cannot be admitted if the statement as to the consideration, from its terms and context, manifestly embraces, or is intended to embrace, the whole agreement; or, if it forms a part of the contract, it cannot be varied.   In this case, the consideration is a release of a pre-existing debt.   It is like a conveyance by her of her property, and it is apparent, from the deed, what debt is released.   The distinction is clearly stated in *Cocke* v. *Blackbourn*, 58 Miss., 537.   See, also, 1 Greenl. Ev., chapter 15; 16 Wend. (N. Y.), 473.

Argued orally by *L. W. Magruder*, for appellee.

COOPER, C. J., delivered the opinion of the court.

In May, 1873, John A. Klein was appointed guardian to the appellee, by the chancery court of Warren county, and gave bond as guardian in the penalty of two thousand dollars, with George M. Klein and J. F. Baum, appellant's testator, as sureties.   In May, 1874, the appellee became entitled to receive, in distribution from the estate of a relative, another considerable sum of money, and the chancellor required the guardian to execute an additional bond in the penalty of $6,100,

which he did, with the said George M. Klein and one D. W. Floweree, now deceased, as sureties. The guardian, John A. Klein, died without having made a final account as guardian, and the appellee exhibited her bill in the chancery court of Warren county against the executrix of the guardian and against George M. Klein, the surviving surety, and the personal representatives of the deceased sureties. The prayer is, that the executrix of the guardian be required to render his final account as guardian, and that a decree be rendered against her therefor, and that decrees be made against George M. Klein, the surviving surety, and against the representatives of the deceased sureties, according to their liabilities. Upon final hearing the court found the guardian to be indebted to his ward in the sum of $6,247.80, for which a decree was entered against his representative, and decrees were made against George M. Klein and Ellen Baum, executrix of J. F. Baum, for $2,000, the penalty of the bond on which they were sureties, and against George M. Klein and L. M. Lowenberg, administrator of the estate of D. W. Floweree, for $6,100, the penalty of the bond on which they were sureties. From this decree Mrs. Baum alone appeals and assigns error.

The objection most strenuously urged to the decree rests upon the following facts proved, or offered to be proved, by appellant: The guardian had loaned a part of his ward's money to Mrs. Mary Irving. In June, 1884, the guardian being then dead and his estate hopelessly insolvent, the appellee, who then resided in the state of Texas, came to this state to look after her estate. On the sixteenth of June, Mrs. Irving made to her a conveyance in the following language: "This indenture, made and entered into this the sixteenth day of June, 1884, by and between Mary Irving, of the city of Vicksburg, county of Warren and state of Mississippi, party of the first part, and Mary Grace Lynn, of the state of Texas, party of the second part, witnesseth: that, whereas, John A. Klein, late of said city of Vicksburg, did, on or about the fourteenth day of February, 1874,

loan the said Mary Irving certain moneys, then in his hands as
guardian of the said Mary Grace Lynn (then Mary Grace De-
vine); and, whereas, the said Mary Irving now desires to settle
in full any balance that may be due by her:  Now, therefore, for
and in consideration of the premises and the further consideration
of the full acquittance, discharge and release of the said Mary
Irving from any and all liability to the said John A. Klein as
guardian, or to the said Mary Grace Lynn for and on account
of said loans, and the further consideration of ten dollars in
hand paid, the receipt of which is hereby acknowledged, the
said party of the first part does hereby convey and warrant to
the party of the second part, her heirs and assigns, in fee sim-
ple, the following described real estate in the said city of Vicks-
burg,'' describing the property and concluding with the usual
*habendum.*   The appellant took the deposition of Mr. Irving,
who was the husband of the grantor, she being now dead, and
that of George M. Klein and of Mr. Smith, the attorney who
prepared the conveyance, all of whom testified that the con-
veyance was made by Mrs. Irving and accepted by Mrs. Lynn
in full satisfaction and settlement not only of the debt due by
Mrs. Irving to Klein as guardian, but also in discharge and
settlement of all liability on the part of the guardian to his
ward, which liability Mrs. Lynn agreed to discharge and re-
lease as a part of the consideration for the conveyance.   The
complainant moved to suppress these depositions, and objected
to them, when offered in evidence, upon the ground that it was
incompetent to vary by parol proof the written contract of
the parties as shown by the deed.   It does not appear that
the chancellor made any order on the motion to suppress
or ruled upon the objection interposed to the evidence
when offered.   As the note of evidence, however, shows
that these depositions were read on the hearing, we assume
that the chancellor held them to be competent.   In oppo-
sition to this evidence, the complainant introduced her own
testimony and that of her husband, by which it is denied that

the conveyance was accepted in discharge of any other obligation than that of Mrs. Irving and that of the guardian for the amount loaned to her. The defendant, in turn, objected to the testimony of the complainant, on the ground that she was not a competent witness in a suit against the estate of a deceased person to establish her claim resting upon a transaction occurring in his lifetime. As the court below did not rule upon these objections, we cannot know whether it disregarded all the oral testimony, or, considering it, thought the fact not proved that Mrs. Lynn agreed to accept the conveyance in discharge and satisfaction of her entire demand against her guardian. The complainant is, however, entitled to the decree, if upon either of these reasons it is correct. The text-books and decisions abound in confused and confusing writing upon the subject of the admissibility of parol evidence introduced for the purpose of showing the consideration of written contracts, or of proving what are called collateral contracts—*i. e.*, contracts not evidenced by the written one, but which constitute the consideration upon which the written one in turn rests, or which are separate and disconnected from the written one, not covered by nor inconsistent with its terms. Mr. Stephen, in his admirable digest of the law of evidence, thus formulates the rule and its limitations : " When any judgment of any court, or any other judicial or official proceeding, or any contract, grant or any other disposition of property, has been reduced to the form of a document, or series of documents, no evidence may be given of such judgment or proceeding, or of the terms of such contract, grant or other disposition of property, except the document itself, or secondary evidence of its contents in cases in which secondary evidence is admissible ; nor may the contents of any such document be contradicted, altered, added to or varied by oral evidence; *provided*, that any of the following matters may be proved : (1) Fraud, intimidation, illegality, want of due execution, want of capacity in any of the contracting parties, the fact that it is

---

wrongly dated, want or failure of consideration or mistake in fact or law, or any other matter which, if proven, would produce any effect upon the validity of any document, or any part of it, or which would entitle any person to any judgment, decree or order relating thereto.  (2) The existence of any separate oral agreement as to any matter on which a document is silent and which is not inconsistent with its terms, if, from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them,'' etc. It is evident that the proffered testimony for the defendant is competent, if at all, either (1) because it goes only to prove what was the real consideration of the conveyance, and, therefore, contradicts not the contract, but a mere fact recited or admitted in the writing, or (2) because it tended to prove a separate oral agreement within the limitation expressed in clause 2 of the proviso as quoted from Mr. Stephen.  In *Gully* v. *Grubbs*, 1 J. J. Marshall (Ky.), 387, Judge Robertson, in an admirable and concise manner, states the true principle upon which the rule permitting oral evidence to be introduced to show the true consideration of a deed in opposition to that recited, as well as the limitation of the rule.  In Devlin on Deeds, vol. 2, § 830, this opinion is given at length as containing an accurate statement of the law.  The writers upon evidence have strangely omitted any reference to it.   Somewhat compressed, Judge Marshall's opinion may be thus stated: Whenever in a deed the consideration, or an admission of its receipt, is stated merely as a fact, that part of the deed is viewed as a receipt would be, and the statement is subject to be varied, modified and explained, but if the stated consideration is in the nature of a contract, that is, if by it a right is vested, created or extinguished, the terms of the contract thereby evidenced may not be varied by parol proof, but the writing is its own sole exponent.   Judge Robertson illustrates his views by noting the difference between the mere statement of a fact—*e. g.*,

the admission of the receipt of the purchase price—and the vesting, creating or extinguishing a right—*e. g.*, by the execution of a release—in the following language: "A party is estopped by his deed. He is not to be permitted to contradict it. So far as the deed is intended to pass a right or to be the exclusive evidence of a contract, it concludes the parties to it; but the principle goes no further. A deed is not conclusive evidence of everything it may contain. For instance, it is not the only evidence of the date of its execution; nor is its omission of a consideration conclusive evidence that none passed; nor is its acknowledgment of a particular consideration an objection to other proof of other and consistent considerations; and, by analogy, the acknowledgment in a deed is not conclusive of the fact. This is but a fact, and, testing it by the rationality of the rule we have laid down, it may be explained or contradicted. It does not necessarily and undeniably prove the fact. It creates no right; it extinguishes none. A release cannot be contradicted or explained by parol, because it extinguishes a pre-existing right. But no receipt can have the effect of destroying, *per se*, any subsisting right. It is only evidence of a fact. The payment of the money discharges or extinguishes the debt. A receipt for the payment does not pay the debt; it is only evidence that it has been paid. Not so of a written release. It is not only evidence of the extinguishment, but is the extinguisher itself."

The deed now under examination contains, as is clearly to be seen, no mere recital of a consideration paid or to be paid. Its recital is only of the facts necessary to be stated to intelligently apply the contract of the parties to the subject-matter. Having set out the relationship of debtor and creditor, and the history of the transaction from which it arose, the deed then proceeds to state what the parties agreed, contracted and did in reference to the dissolution of the relationship. Mrs. Irving did something; she conveyed the land to Mrs. Lynn. Mrs. Lynn did something; she released the debt to Mrs. Irving. One transferred a right, the other released a right. If it be said that

the release was a mere recited consideration for the conveyance, it may, with equal accuracy, be replied that the conveyance was a mere recited consideration for the release, and, therefore, if one of the terms of the contract, may be varied by parol, because it is a consideration, so, also, may the other, for the same reason. And by this process a solemn and executed written contract would be totally eaten away. The true rule is, that a consideration recited to have been paid or contracted for may be varied by parol, while the terms of a contract may not be, though the contract they disclose may be the consideration on which the act or obligation of the other party rests. When the stipulation as to consideration becomes contractual, it, like any other written contract, is the exclusive evidence, and cannot be varied by parol. *Hubbard* v. *Marshall*, 50 Wis., 322; *Van Wy* v. *Clark*, 50 Ind., 259. The testimony was not admissible for the purpose of proving a separate oral agreement as to which the writing was silent.

In the multitude of cases in which the question of the admissibility of extrinsic evidence to prove a separate oral agreement made before or contemporaneously with a written contract, decisions may be found which would warrant the introduction of the evidence offered by the defendant, but such decisions, we think, rest upon a misapplication of legal principles to the facts of the particular transaction. A very full collection of the authorities, accurately grouped, may be found in the note to *Ferguson* v. *Rafferty*, 6 Law. Rep. Ann., 1. We refer to only a few, which serve to illustrate the principle we are considering. Before referring to the cases, it is well to note that the rule excluding extrinsic evidence "is directed only against the admission of any other evidence of the language employed by the parties in making the contract than that which is furnished by the writing itself." 1 Greenl. on Ev., § 277. In *Lindley* v. *Lacey*, 17 C. B., N. S., 578, there was a written sale of the fixtures, furniture and good will of a business. The seller was indebted to one Chase, who had en-

tered an action against him.  The written contract contained a
clause authorizing Lacey, the buyer, "to settle the case of
*Chase* v. *Lindley*."  The plaintiff was permitted to prove that
there was a distinct and separate promise by Lacey, in consid-
eration of 'the plaintiff's signing the agreement, that he, the
defendant, would pay the debt to Chase, the court saying that
this was a distinct, collateral agreement not inconsistent with
the written contract, and, in fact, constituting the considera-
tion or condition on which Lindley executed the written agree-
ment.   In *Ayer* v. *Bell*, 147 Mass., 46, a written order for
goods, signed by the buyer only, set forth the kind of goods
and the price, and contained stipulations for rebates.   It was
held that the writing was not intended to set forth the whole
contract of the parties, and that evidence might be given of a
parol contemporaneous contract by the seller to advertise the
goods, as the inducing cause of the purchase.   To the same
effect are *Bonney* v. *Morrill*, 57 Me., 368; *Morgan* v. *Griffith*,
L. R., 6 Exch., 70; *Singer* v. *Forsyth*, 108 Ind., 334; *Bashor*
v. *Forbes*, 36 Md., 154; *Welz* v. *Rhodius*, 87 Ind., 1.   In
some cases, evidence of a parol contemporaneous agreement
which formed the inducement upon which one party entered
into the written agreement, has been permitted to be proved,
even though its effect was to vary, change or reform the writ-
ten agreement.   In *Erskine* v. *Adeane*, L. R., 8 Ch. App., 756,
the landlord executed a written lease, in which he reserved the
right to keep game on the leased land.   The tenant was per-
mitted to recover damages for breach of contemporaneous oral
agreement on the part of the landlord to kill some of the game.
But in such cases it is said the oral agreement must be clearly
and indisputably and precisely established.   *Thomas* v. *Loose*,
114 Pa. St., 35; *Cullmans* v. *Lindsay*, *Ib.*, 166.   This seems
to be upon the principle of reforming the written agreement,
and it may be doubted whether the evidence would be compe-
tent at law in those jurisdictions in which legal and equitable
proceedings are yet distinct.   But if the parties have reduced

their contract to writing in all its parts, it is not competent to add to its terms by extrinsic evidence, and the presumption is, that a formal written contract was intended by the parties, nothing to the contrary appearing on its face, to contain their whole agreement. In *Langdon* v. *Langdon*, 4 Gray (Mass.), 186, one Goodenow received the note sued on from the payee thereof, and executed the following writing: "Received a note [describing it], for which I am to collect and account to the said payee for the sum of $110 when the note is collected, or return said note back to said payee, if I choose." After notice that the note was held by Goodenow, the maker paid the same to the payee. Goodenow sued on the note in the name of the payee, for his use, and on the trial offered parol evidence of conversations had between the payee and himself tending to explain and qualify the writing, and to show what the parties intended thereby. The court held the evidence incompetent, saying: "This paper, though called a receipt and beginning with the word 'received,' is not a receipt for money within the rule allowing a receipt to be controlled or explained by parol evidence. It was a written instrument stating the terms on which the possession of the note was intrusted to Goodenow." *Parker* v. *Morrill*, 98 N. C., 232, presented circumstances much like those of the present case. In that case, on a settlement between a covert ward and her guardian, a release was executed, in consideration that the guardian should invest a certain sum, agreed to be the balance due by him, in lands in his own name, as trustee for the separate use of the ward. This the guardian did. After his death, the ward brought an action to recover a balance claimed to be due in addition to the sum named in the release. The plaintiff alleged that the guardian, in truth, had in his hands, at the time of the release, $2,500 belonging to her, but represented that he only had about $1,500; that, upon the guardian's agreement to invest this sum for the plaintiff, as stated in the written agreement, and that he would by his last will settle other property upon her, the plaintiff agreed to re-

lease him, and that he had died not having made the provision in his will, as stipulated. Evidence of the agreement to make provision by will for the plaintiff was excluded, the court saying: "When the parties to a contract in writing thus refer in it to matters constituent of it, it must be taken that the whole of the material parts of such matters are mentioned, nothing to the contrary appearing, and parol evidence will not be received to contradict, add to, take from or modify what the parties have thus put in writing." The subject is fully discussed with great clearness by Judge Finch in *Eighmie* v. *Taylor*, 98 N. Y., 288.

The recitals of the conveyance now under consideration show very clearly that the minds of the parties were directed to the precise matter to which their negotiations had referred. It was a settlement of the sum due by Mrs. Irving that was in view, and the language of the writing, while consisting perfectly with their understanding when applied to this matter, is incapable of being so enlarged as to include the release of the general liability of the guardian without importing a new element into the contract. No more precise and accurate statement of the rule has been made than that contained in the opinion of Judge Campbell in *Cocke* v. *Blackbourn*, 58 Miss., 537, that, "where parties embody their mutual agreements in a formal written instrument, it must be taken as containing all they then desired to preserve the evidence of, and that it is not competent, afterwards, in a trial at law, to add to or subtract anything from it, by parol evidence of something which it should have contained or omitted." While the present proceeding is in chancery, the pleadings do not seek a reformation of the instrument nor suggest any circumstance that would entitle the defendant to that relief. The same rule is, therefore, applicable, as would be in a legal action.

The appellant's contention that the rule excluding oral evidence to vary the terms of the contract cannot be applied here because her testator was not a party to the contract, is answered by the fact that the claim she asserts is under the con-

tract.   If appellant is a stranger to the contract, while she is not bound, she can take nothing by it.   If she claims under the contract, she must take under and according to its terms.

The first guardian's bond was not discharged by the second one directed to be given when the ward's estate was augmented by a new inheritance.   *Mc Williams* v. *Norfleet*, 60 Miss., 987.

The appellant cannot assign for error matters which affect other defendants who refuse to join in the appeal.   Code 1892, § 4378.   We find no error in the decree, and it is

*Affirmed.*