EDRINGTON *et al. v.* STEPHENS.[*]

(In Banc.   Division A.   Nov. 7, 1927.)

[114 So. 387.   No. 26592.]

1. EVIDENCE.  *Written contract as embodied in deed and notes could not be varied by parol agreement made immediately before signing written contract.*

Written contract, as embodied in deed of conveyance of land on which cotton gin plant was located, and notes, could not be altered, varied, or added to by parol agreement with reference to repairs on cotton gin plant made immediately before signing written contract.

2. EVIDENCE.  *Written contract, embodied in deed and notes, could not be varied by parol agreement made shortly after signing contract where there was no additional consideration.*

Written contract, as embodied in deed of conveyance of land on which cotton gin plant was located, and notes, could not be varied or altered by parol agreement with reference to repairs on cotton gin plant made a few minutes after signing written contract

where such agreement was not supported by any additional consideration.

3. EVIDENCE. *Rule that terms of written contract or conveyance cannot be varied by parol evidence is one of substantive law.*

Rule that terms of written contract or conveyance cannot be varied or added to by parol evidence is not merely rule of evidence, but is one of substantive law.

4. TRIAL. *Notwithstanding parol evidence varying terms of written contract is admitted without objection, writing will control, where contract is unambiguous and complete.*

Where evidence of oral agreement varying or adding to written contract is admitted without objection, and written contract on its face is unambiguous, and expresses an agreement complete in all its essential terms, the writing will control.

---

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 1070, n. 34; p. 1075, n. 50, 51; p. 1089, n. 31; p. 1098, n. 96; p. 1121, n. 98; p. 1122, n. 1; p. 1123, n. 4; p. 1248, n. 29; p. 1255, n. 53; p. 1259, n. 88; p. 1274, n. 85; p. 1275, n. 89; 23CJ, p. 40, n. 53; Trial, 38Cyc, p. 1429, n. 92. On admissibility of parol evidence to add to, alter or vary the terms of a written contract, see annotation in 17 A. L. R. 272; 10 R. C. L. 1036; 2 R. C. L. Supp. 1143; 4 R. C. L. Supp. 687; 5 R. C. L. Supp. 584; 6 R. C. L. Supp. 635.

APPEAL from chancery court of Union county.

HON. ALLEN COX, Chancellor.

Suit by Simpson Tate and another against Edgar J. Stephens, in which W. B. Edrington and others, as executors, were substituted as complainants after death of the named complainant, and in which defendant filed a cross-bill. From a decree for complainants for balance found due after allowing set-off claimed by defendant, complainants appeal. Reversed and judgment rendered.

*Dulaney & Jaquess,* for appellants.

The alleged agreement with reference to the repairs, which took place before the trade was closed, was void for the reason stated; and if there was afterwards any

statement about the repairs, it was a contemporaneous declaration and a mere repetition of what had already been said and was entirely without consideration.

The interlocutory decree in effect necessarily shows that the objection to testimony was overruled because the court could have allowed the credit of one thousand five hundred twenty-nine dollars and seven cents only by taking this testimony into consideration. We submit that under principles which are elementary, it is clear that the court erred in so doing.

The deed and notes constituted a written contract between the parties. The deed purported to convey a piece of property and contained no obligation to pay for repairs. The deed did contain an obligation to pay the purchase price which became binding upon delivery of the deed. The same obligation was expressed in the notes. It was not permissible to vary this written contract to pay a definite amount for the property by parol evidence of prior, contemporaneous, or subsequent oral declarations. *Houck* v. *Wright,* (Miss.), 23 So. 422; *Wrenn* v. *Hoffman,* 41 Miss. 616. It may be contended that the evidence in question merely explains the consideration. This position is not tenable. *Baum* v. *Lynn,* 72 Miss. 932; *Cocke* v. *Blackburn,* 57 Miss. 689, on second appeal, 58 Miss. 537; *Thompson* v. *Bryant,* 75 Miss. 12.

We do not perceive any valid distinction which can be made between the cases cited and the case at bar. It is well settled that a written contract may be modified by a subsequent parol agreement for an additional valid consideration. *Boyd* v. *Kelly,* 111 Miss. 629, 71 So. 897; *J. B. Colt Co.* v. *McCullough,* 141 Miss. 328, 105 So. 744. The record now before the court shows neither a subsequent agreement nor a subsequent consideration.

The right of a set-off is not shown by the pleadings or the proof. 1 Greenleaf on Evidence (16th Ed.), page 435; 4 Wigmore on Evidence, section 2400, page 3369; *Morrison Co.* v. *Riley,* 198 S. W. 1031; 10 R. C. L. sec-

tion 208, page 1018; 22 C. J., page 1075; *Butterick Pub. Co.* v. *Fisher*, 203 Mass. 122, 89 N. E. 189, 133 A. S. R. 283; *Edward Thompson Co.* v. *Foster*, 101 Kans. 14, 165 Pac. 841; *Shropshire* v. *Alvarado State Bank*, 196 S. W. 977; *Pease & Dwyer Co.* v. *Somers Planting Co.*, 130 Miss. 147, 93 So. 673; Griffith's Miss. Ch. Pr., sections 166a and 313.

The record shows that the appellants were entitled to a decree for the amount sued for less the two sums paid while the case was pending; and the final decree should be reversed and decree entered.

*B. N. Knox*, for appellee.

The general rule of admissibility of parol evidence does not apply as to separate or independent contracts or agreements. *Baum* v. *Lynn*, 72 Miss. 936-37; *Tallahatchie Compress & Storage Co.* v. *Hortshorn*, 88 So. 278; *McCurdy* v. *Walblom*, 102 N. W. 873, 3 Ann. Cas. 468.

In the case at bar the consideration of the oral contract was the same as the consideration of the written one because without the oral contract Stephens would not have accepted the deed and the consideration from the written contract merged into the oral contract. *Virginia-Carolina Chemical Co.* v. *Ruffin*, 88 So. 500; *Green* v. *Rule et al.*, 100 So. 380; *Red Snapper Sauce Co.* v. *Bolling*, 50 So. 401; *Mayor* v. *Casey*, 57 Miss. 615; *Cocke* v. *Blackburn*, 67 Miss. 689; *Ohleyer* v. *Bernheim Bros. et al.*, 67 Miss. 75; *Tennin* v. *Garrett*, 4 S. & M. 207.

The courts will receive parol evidence of such agreements when they are not inconsistent with the deed and when they will serve to explain it, especially when they are an inducement to the making of the contract. *McCormick* v. *Cheeves*, 124 Mass. 262; *Carr* v. *Dooley*, 119 Mass. 294; *Green* v. *Batson*, A. S. R. 194.

From the proof in this record it is conclusively shown that the oral agreement was the inducement moving the

defendant to accept the deed. The consideration clause in a deed may be explained by parol proof. Jones on Evidence, page 589. The same authority on page 561 points out that the statute of frauds will not prevent the introduction of parol testimony as to a subsequent agreement and especially, when the proof shows the new agreement to have been executed, as was done by Stephens, or that would work a serious injury. *Cline* v. *McNamara,* 54 Miss. 90. A case in point is *Werber* v. *Loranger,* 25 A. L. R. 773, which holds that the existence of a written lease does not preclude proof of a parol agreement not incorporated in the lease relating to repairs to be made by the lessor. See, also, note on pages 850-51, *Mann* v. *Nun,* 25 A. L. R. 850; *Bunn* v. *Wall,* 104 S. E. 470.

As stated above the testimony as to the agreement was not objected to by the complainant and only the introduction of the account was objected to. Inasmuch as the complainant denied liability on this contract, it was not even necessary for the defendant to have filed an itemized account showing what constituted the amount going to make up his payment on the note and regardless of the correctness of the ruling of the lower court in admitting this account in evidence will have no effect here.

*Dulaney & Jaquess,* in reply, for appellants.

In *Baum* v. *Lynn,* 72 Miss. 932, relied upon by appellee, the alleged collateral and separate oral agreement was rejected by the court as was also the alleged collateral and separate oral agreement in *Cocke* v. *Blackburn;* and they were properly rejected in both cases because the alleged oral agreement were not in fact separate, collateral or independent of the definite considerations contracted for in the written instruments. So in the case at bar they must be rejected because in no sense are they separate, collateral or independent of the written contract.

"A recital in a written agreement that a stated consideration other than a promise has been given as consideration is not conclusive proof of the fact." Section 80, Contracts, Tentative Re-Statement No. 2, The American Law Institute. See also 1 Williston on Contracts, page 248.

The distinction between the cases upon which we are relying and the case of *Tallahatchie Compress & Storage Co.* v. *Hartshorn,* 88 So. 278, 125 Miss. 662, is obvious. The Hartshorn case involved not a complete contract but merely a warehouse receipt which was entirely silent as to the consideration and place of storage.

With reference to the New Hampshire, English and North Carolina cases cited for appellee, it is sufficient to say that they would have been decided differently by the Mississippi court but since the note reviewing these cases is cited by opposing counsel, we refer to 25 A. L. R. 789. The author of this note proceeds to show that in Mississippi and twenty-two other states the courts do not attempt to make "phrased exceptions" to the parol evidence rule and cites *Hightower* v. *Henry,* 85 Miss. 476, in which case the court refused to add to a written contract certain alleged verbal agreements very similar to those referred to in this record.

We take no issue with counsel for appellee in his statement that a written contract is subject to modification by subsequent oral agreement. At the same time, we call attention to the statement of Judge TERRAL in *Houck* v. *Wright,* 23 So. 422, to the effect that subsequent oral declarations are rejected. There is much difference between a subsequent declaration made immediately after the signing of a contract, and a subsequent agreement possessing all of the essential elements of a contract, including a valid consideration. Our court in referring to subsequent oral modifications has generally mentioned the necessity for a valid consideration. R. C. L., page 916, section 301.

Argued orally by *J. W. Dulaney,* for appellants.

COOK, J., delivered the opinion of the court.

This suit was instituted in the chancery court of Union county by R. F. Tate and Simpson Tate to recover on two promissory notes executed by the defendant, Edgar J. Stephens, for a part of the purchase money of certain land, and to enforce a vendor's lien on the land. While the case was pending, Simpson Tate died, and the executors of his will were substituted as complainants. The defendant, Stephens, filed an answer and cross-bill in which he claimed as a set-off against the notes sued on the sum of one thousand five hundred twenty-nine dollars and seven cents, alleged to have been expended by him in repairing a cotton gin located on the land purchased by him. During the pendency of the suit, certain payments were made on the notes, and, upon the final hearing, the chancellor sustained the cross-bill, and entered a decree in favor of the complainants for the balance found to be due after allowing the set-off claimed by the defendant, and from this decree the complainants prosecuted this appeal.

The record discloses that R. F. Tate and Simpson Tate executed and delivered to the appellee a warranty deed conveying a tract of land in Union county, Miss., on which was located a cotton gin plant. A vendor's lien was expressly reserved in the deed to secure the payment of the balance of the purchase price of said property, which was evidenced by a series of notes, of which the two notes sued on were a part. To the bill of complaint the appellee filed an answer and cross-bill, which, as finally amended, admitted the purchase of the property for the price stated in the original bill, and also the execution of the notes as alleged, but claimed an offset on account of necessary repairs to the cotton gin located on the premises, and set forth the negotiations and

agreement in reference to such repairs in the following language:

"Further answering, the defendant says that there was located on said lot a cotton gin, which was included in said purchase; that said gin was considerably out of order, and a large amount of work was required to put said machinery in condition to be operated; that, when Robert F. Tate, one of the complainants, a partner of Simpson Tate in the ownership of said property, came to see defendant about closing the deal for said property, his attention was called to the condition of said property, and that same was not in as good condition as had been represented by complainants, which was to be sold in good running order; that said R. F. Tate, complainant, acting for himself, and being duly authorized and empowered to act for Simpson Tate, his partner, and for the partnership, talked the matter over with the defendant before the trade was consummated, and tried to reach an agreement as to the cost of said repairs, but were unable to agree on an amount; that finally it was agreed between R. F. Tate, acting for himself, and for Simpson Tate, and being duly authorized so to act, and the defendant, that the defendant should make all necessary repairs in order to place the said machinery in good running order as agreed upon, and that the complainants would pay for same; that this agreement was made between the complainants and the defendant at the time of the execution of the deed and notes described in the original bill, and defendant further alleges that, immediately after the execution of the deed and notes, the said R. F. Tate, acting for himself and for complainant, Simpson Tate, inspected the said property in company with defendant, and that, subsequent to the execution of the deed and notes, the said R. F. Tate, acting for himself and for Simpson Tate, and being duly authorized so to act, for and in consideration of the fact that they had represented the property to be in good running order, and, having inspected said property, found their

representations were untrue, and that said machinery was greatly out of repair, as represented by cross-complainant prior to closing of said deal, and, in order to make good their representations, and that the consideration in said notes might not fail, agreed with the defendant that defendant should do all necessary repairing on said property, and that complainants would pay for same; that the said agreement, entered into at the time of the consummation of the deal and the subsequent agreement above set forth was a collateral and independent agreement between complainants and defendant, was entered into by defendants in good faith; and that, in pursuance of said agreement, the defendant had the necessary repairs made on said machinery, which amount has not been paid by complainants, although they have been often requested to pay same.''

In the negotiations leading up to the sale of the property and the final execution of the deed and notes, the complainants were represented throughout by R. F. Tate, and in his testimony he emphatically denied that he made any representations with reference to the condition of the gin, or that he made any offer to make an allowance for repairs, or any promise to pay for repairs, or credit the same on the notes.

The defendant and his witnesses testified that prior to, and at the time of, the execution of the deed and notes described in the bill of complaint, it was agreed by and between R. F. Tate, representing the complainants, and the defendant, that the defendant should make all necessary repairs to place the machinery of the ginning plant in good running order, and that the complainants would pay for the same, and, further, that immediately after the execution of said deed and notes the said Tate and the defendants inspected the said property, and the said Tate again agreed with the defendant that he (the defendant) should make all necessary repairs of the property, and that complainants would pay for same; this testimony in reference to the agreement

between the parties being substantially the same as the averments of the answer and cross-bill in reference thereto, hereinbefore quoted. The most of this testimony in reference to this oral agreement was admitted without objection, but the defendant offered an itemized statement of the amount alleged to have been expended by him for repairs, together with certain invoices to support the same, and these were admitted over the objections of complainants.

This record presents no element or question of fraud, misrepresentation, or mistake as to the condition of the property purchased, since the appellee testified that, prior to the execution of the contract of sale, he had two experienced ginners inspect the property, and that he was fully informed as to its bad condition before he signed the notes and accepted the deed.

We think the testimony offered by appellee to establish the oral agreement in reference to repairing the machinery of the gin plant clearly tended to add to or to vary the terms of the written contract as embodied in the deed of conveyance and notes, and that it was not permissible to so alter, vary, or add to the written contract. It is true that a written contract may be modified or changed by a subsequent parol agreement which is supported by an additional consideration, and it is also true that the testimony offered in this case tends to prove an oral agreement in reference to repairs, which was made immediately before the signing of the written contract, and repeated immediately, or a few minutes thereafter. Conceding for the purpose of this decision that the last oral agreement testified about was not so closely connected with the execution of the written contract as to be contemporaneous therewith, still the appellee cannot avail thereof as a defense, for the reason that it is not supported by any additional consideration.

Certain portions of the testimony tending to establish the oral agreement to repair and the set-off pleaded were admitted without objection on the part of appellants,

but this is of no consequence in deciding the question now presented, for the reason that, in the case of *Kendrick* v. *Robertson,* 145 Miss. 585, 111 So. 99, this court held that the rule that the terms of a written contract or conveyance cannot be varied or added to by parol evidence is not merely a rule of evidence, but is one of substantive law, and, in measurnig the rights of the parties to a written contract or conveyance which, on its face, is unambiguous and expresses an agreement complete in all its essential terms, the writing will control.

The decree of the court below allowing the set-off of one thousand five hundred twenty-nine dollars and seven cents will therefore be reversed, and a decree will be entered for the balance due on the notes sued on.

*Reversed and decree here.*