HATTIESBURG CHERO COLA BOTTLING CO. *v.* NUGRAPE BOTTLING WORKS *et al.*\*

(Division B. May 7, 1928.)

[116 So. 885. No. 27072.]

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 746, n. 39; Evidence, 22CJ, p. 1164, n. 74; p. 1165, n. 80; On admissibility of parol evidence to show failure of consideration of note, see 3 R. C. L. 943; 1 R. C. L. Supp. 928; 5 R. C. L. Supp. 210; 6 R. C. L. Supp. 209.

*R. D. Ford,* for appellant.

*Davis & Conner* and *Mounger & Mounger,* for appellees.

ETHRIDGE, J. This suit was brought by the appellant, Hattiesburg Chero Cola Bottling Company, to recover from the appellees, NuGrape Bottling Works and G. B. Hall, the principal, interest, and attorney's fees on three promissory notes of one hundred eighty-eight dollars and thirty-one cents each, all of which were dated August 10, 1926. The appellees, in addition to filing the plea of the general issue, also filed three special pleas, which in varying terms set up a failure of consideration arising out of a claim that the appellant had violated the trade agreement between the parties to this suit.

Both the appellant and the appellees were manufacturers, bottlers, and wholesale distributors of soft drinks, the appellant having its place of business in Hattiesburg, Miss., and the appellees at Columbia, Miss.

On the 9th day of July, 1926, G. B. Hall, manager of the NuGrape Bottling Works, upon learning that the ap-

pellant had taken orders in the vicinity of Columbia for delivery of certain soft drinks, made an engagement with the manager of the appellant company, to see whether or not some arrangement could be made with reference to this matter. At that time it appears the appellant was going to abandon the use of its six-ounce bottles, and use in their place the nine-ounce size, the result of such change leaving a large quantity of the six-ounce bottles on hand. The appellee G. B. Hall, acting for his co-appellee NuGrape Bottling Works, proposed to purchase a quantity of appellant's small bottles, the six-ounce size, and pay for same at a certain price per gross. It appears that this offer was satisfactory to the appellant, and also that it was agreed between the appellant and the appellees that the appellee NuGrape Bottling Works, in consideration of the mutual agreement reached between the two companies, would not work any territory in Lamar county or Jeff Davis county, except Prentiss, in Jeff Davis county, and Olah, in Lamar county; and the appellant on its part, in consideration of the mutual agreement reached between the manager of the appellant company and Mr. Hall, the manager of the appellee company, agreed not to work any territory west of Lamar or Jeff Davis counties. The agreements between the parties, expressed in the form of letters, were each dated July 10, 1926, and on the bottom of the appellant's letter was the following notation:

"Received of NuGrape Bottling Company check for two hundred fifty dollars as part payment on bottles on this day sold to them and to be delivered as called for in the next two weeks."

Subsequently, on the 10th day of August, 1926, the notes sued on in this case were executed. The first of the notes reads as follows:

"$188.31                  Columbia, Miss., Aug. 10, 1926.

"Sixty days after date, I, we, or either of us, for value received promise to pay Chero-Cola Bottling Co.

or bearer one hundred eighty-eight dollars and thirty-one cents, with interest from date until paid at the rate of eight per cent. per annum.

"Principal and interest payable in lawful United States money, and in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection or suit is brought on the same then an additional amount of ten per cent on the principal and interest of this note shall be added to same as attorney's fees. All signers to this note are principals. The makers and indorsers each waive presentation for payment and notice of nonpayment of this note and waive all exemptions under the law.

"Negotiable and payable at Columbia Bank, Columbia, Miss.

"NuGrape Bottling Co.,

"By G. B. Hall, Secy."

The other notes were identical in terms, except as to date of maturity.

As stated above, the defendants in this suit contended that the agreement referred to above constituted the real consideration, or a necessary part of the consideration, of the purchase of the said bottles, and but for the agreement same would not have been purchased. The appellant contended that the consideration was the bottles bought, and that the notes taken for the same could not be varied by showing the agreement above contended for by the appellant—that the writing in the notes was exclusive evidence of the contract.

The testimony for the defendants established the agreement contended for, but said testimony was admitted over objection. We think it was competent for the defendants to show the agreement above referred to as a part of the consideration of the contract for the purchase of the bottles, and that the receiving of such evidence was not error. The proof was sufficient to sustain the verdict of the jury in favor of the defendants. As

we understand the law, it is permissible to show the real consideration unless the contract reciting the consideration is contractual in its nature. *Tallahatchie Compress & Storage Co.* v. *Hartshorn,* 125 Miss. 662, 88 So. 278, 17 A. L. R. 974; *Baum* v. *Lynn,* 72 Miss. 932, 18 So. 428, 30 L. R. A. 441.

We find no reversible error in the judgment of the court below, and the case therefore will be affirmed.

*Affirmed.*