McGee, Dean & Co. *v.* Burt.*

(Division A.   April 22, 1929.)

[121 So. 847.   No. 27548.]

*Corpus Juris-Cyc References: Evidence, 22CJ, section 1381, p. 1075, n. 51; section 1663, p. 1248, n. 29. Legal implication from written contract not to be varied or contradicted by parol evidence, see 10 R. C. L. 1046; 2 R. C. L. Supp. 1144; 6 R. C. L. Supp. 636.

*Greek P. Rice, Jr.*, and *John W. Crisler*, for appellant.

*Cutrer & Smith* and *Vincent J. Brocato, Jr.*, for appellee.

SMITH, C. J. The appellants purchased two hundred ninety bales of cotton from Burt on which there was due levee taxes amounting to five hundred five dollars and seventy-four cents, which they were compelled to pay, and to recover which they instituted this suit against Burt. The case was tried by the judge below without a

jury, and a judgment was rendered that the appellants take nothing by their suit.

The cotton had been stored by Burt in a warehouse, and he held negotiable receipts therefor. He sold the cotton to the appellants verbally, and some days thereafter delivered the warehouse receipts therefor to the appellants and received payment for the cotton. Each warehouse receipt contained the following indorsement on the back thereof:

"Statement of Ownership and Encumbrances.

"Each of the undersigned hereby certifies on the date stated that he is the owner of the cotton covered by this receipt and that, other than the warehouseman's lien evidenced on the face of this receipt and the following, there are no liens, mortgages, or other encumbrances on said cotton."

This indorsement was signed by Burt at the time the receipts were delivered to the appellants and payment made him for the cotton. Parol testimony was introduced by Burt to the effect that, when the agreement for the sale of the cotton was made, the appellants agreed to pay the taxes on the cotton, in addition to the amount they were to pay Burt therefor. This was denied by the appellants. When Burt signed the indorsement on the back of the receipts, he did so at the request of the appellants' agent who stated that the bank and compress required it. Under section 44, chapter 218, Laws of 1920 (Hemingway's 1927 Code, section 9580), had Burt transferred these receipts without this indorsement on the back thereof, he would thereby have warranted "that he has knowledge of no fact which would impair the validity or worth of the receipts." The indorsement thereon signed by Burt goes further than this, and warrants that "there are no liens, mortgages, or other encumbrances" on the cotton. According to the parol testimony, this indorsement was not to have the effect of a warranty, but it was signed by Burt for the purpose only of enabling

the appellants to obtain the cotton from the warehouse. The question then is, Can the legal effect of the warranty be changed by a parol agreement made prior to, or contemporaneously with, the signing of it? That this cannot be done seems to be the rule in practically all English and American jurisdictions (22 C. J., 1075; 10 R. C. L., 1046), and is not open to review in this state. A few of the cases decided by this court dealing therewith particularly in point are *Edrington* v. *Stephens,* 148 Miss. 583, 114 So. 387; *Kendrick* v. *Robertson,* 145 Miss. 585, 111 So. 99; *Baum* v. *Lynn,* 72 Miss. 932, 18 So. 428, 30 L. R. A. 441; *Campe* v. *Renandine,* 64 Miss. 441, 1 So. 498; *Cocke* v. *Blackbourn,* 58 Miss. 537; *Heaverin* v. *Donnell,* 7 Smedes & M. 244, 45 Am. Dec. 302.

But it is said by counsel for the appellee that a part of the consideration for Burt's indorsement of the receipts was the agreement of appellants to pay the taxes due on the cotton, and that the consideration for the indorsement of such a receipt can always be shown by parol. For the purpose of argument we will assume that this is true, provided the indorsement is merely such as to transfer title to the receipt, but the indorsement here is not of that character, for it contains an additional, specifically set forth, contract to which the parol evidence rule applies.

The judgment of the court below will be reversed, and a judgment will be rendered here for the appellants for the amount sued for with legal interest thereon.

Reversed and judgment here for the appellants.

*Reversed.*