IRVING, J.,
for the Court.
¶ 1. Tommy Thompson brought suit in the Alcorn County Circuit Court against First American National Bank (First American) for wrongful foreclosure and other claims. First American filed a motion for summary judgment based upon the statute of frauds and lack of consideration. The circuit court granted the motion. Aggrieved, Thompson appeals and asserts that the circuit court erred in holding that the doctrine of promissory estop-pel did not apply in this matter.
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. On October 29, 1997, Thompson purchased 112 acres of land in Hardin County, Tennessee. The purchase was financed by First American. In September 2001, Thompson became delinquent on his loan with First American. He received a letter around November 21, 2001, advising him that foreclosure proceedings had begun on the property and that he had to pay the full payoff amount in order to prevent the property from being sold at an auction. *786 Thompson avoided the foreclosure by refinancing the loan with First American. However, the following year, Thompson became delinquent again. From August 2002 through February 2003, he only made two of the scheduled monthly payments on his loan. On February 21, 2003, First American sent Thompson a letter informing him that the loan had been transferred to the collections department and that foreclosure might be the only resolution for his delinquency. Thompson made payments on the loan in March, April, and May 2003; however, the past due payments were still due and owing.
¶ 4. On June 3, 2003, First American’s attorney sent Thompson a letter advising him of the following:
If payment is not received within thirty (30) days, bringing this account current, including interest and all publication, legal, and other necessary fees, this property will be sold through foreclosure. Enclosed you will find a copy of the Substituted Trustee’s Notice of Sale[1] giving you information concerning the date, time and place of foreclosure.
Upon receipt of the letter, Thompson telephoned the bank’s attorney who informed Thompson that he needed to speak directly with First American.
¶ 5. Thompson alleges that on June 5, 2003, he and a friend traveled to the Tish-omingo, Mississippi branch of First American to “pay whatever amount was necessary to stop the foreclosure which was scheduled for July 8, 2003.” Thompson further alleges that when he got to the bank, he informed a bank teller that he had enough money to bring the loan current but that he wanted to make two payments at that time and the next payment on July 10, 2003. He also alleges that he asked the teller if the two payments would be enough to stop the foreclosure and that she answered in the affirmative, causing him to refrain from bringing the account current. The teller denied that she was ever aware of Thompson’s loan being in foreclosure. She also denied that she informed Thompson that two payments would be sufficient to stop the foreclosure sale.
¶ 6. The foreclosure sale occurred on July 8, 2003, as scheduled. Thompson went to the bank on July 10, 2003, allegedly to make a payment and was informed that the foreclosure had already occurred. Thereafter, Thompson filed a complaint against First American, alleging wrongful foreclosure and other claims. As noted earlier in this opinion, First American’s motion for summary judgment was granted.
¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 8. “[An appellate court] applies a de novo standard of review to the trial court’s grant of summary judgment.” Windham v. Latco of Miss., Inc., 972 So.2d 608, 610(¶ 4) (Miss.2008) (quoting Moss v. Batesville Casket Co., 935 So.2d 393, 398(¶ 15) (Miss.2006)). “The evidence must be viewed in the light most favorable to the non-moving party. If, in this view, the moving party is entitled to a judgment as a matter of law, then summary judgment should be granted.... Otherwise, the motion should be denied.” Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995) (citing *787 Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983)).
¶ 9. Summary judgment should be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). A fact is material if it “tends to resolve any of the issues properly raised by the parties.” Simpson v. Boyd, 880 So.2d 1047, 1050(¶ 9) (Miss.2004) (quoting Palmer, 656 So.2d at 794).
¶ 10. The circuit court granted First American’s motion for summary judgment on two grounds: (1) that the modification of the loan agreement was barred by the statute of frauds, and (2) that the modification of the loan agreement lacked sufficient consideration.

1. Statute of Frauds and Consideration

¶ 11. Our statute of frauds statute, Mississippi Code Annotated section 15-3-1 (Rev.2003), lists the types of contracts that must be in writing. Contracts for the sale of lands, tenements, or here-ditaments are included. Miss.Code Ann. § 15-3-1 (c). A modification of a contract within the statute of frauds must also be in writing. Canizaro v. Mobile Commc’ns Corp. of Am., 655 So.2d 25, 29 (Miss.1995).
¶ 12. While a written contract may be modified by a subsequent agreement, “the law of this state is that such an agreement must be supported by new or additional consideration.” Iuka Guar. Bank v. Beard, 658 So.2d 1367, 1372 (Miss.1995) (citing Edrington v. Stephens, 148 Miss. 583, 592, 114 So. 387, 389 (1927)). “Consideration is sufficient if there is any benefit to the promisor or any loss, detriment, or inconvenience to the promisee.” Id. (citing Jim Murphy & Assocs., Inc. v. LeBleu, 511 So.2d 886, 891 (Miss.1987)).
¶ 13. In luka, Beard received notice that her loan with luka Guaranty Bank (luka Guaranty) was about to go into foreclosure because the installments were over ninety days past due. Id. at 1370. Although Beard was only required to bring the loan current, she and luka Guaranty agreed that the bank would cancel the deed of trust securing the loan if she paid the balance owed on the loan. Id. Beard paid the balance owed, but luka Guaranty refused to cancel the deed of trust. Id. Beard filed suit against luka Guaranty, alleging an intentional breach of contract as a result of luka Guaranty’s failure to cancel the deed of trust. Id. at 1369. The jury returned a verdict in her favor, and luka Guaranty appealed. Id.
¶ 14. In ruling in Beard’s favor, our supreme court held that since Beard was not legally obligated, at the time of payment, to pay the full amount of the debt remaining on the loan, Beard “suffered a legal detriment in association with her agreement to fully satisfy her loan in return for luka Guaranty’s promise to cancel the deed of trust.” Id. at 1372. The court further held that Beard’s “act of prematurely satisfying her debt to luka [Guaranty] was a legal detriment sufficient to enforce the subsequent agreement” between her and luka Guaranty. Id.
¶ 15. Similar to Beard, Thompson was legally required to bring the loan current to avoid foreclosure. In order to bring the loan current, Thompson needed to make four payments on the loan with First American. Even if we were to find that the bank teller told Thompson that his making two payments on the loan would stop the foreclosure proceedings and that Thompson made the payments in response to the teller’s representation, we would still find that there would be a lack of *788 consideration to modify the original contract because those two payments were already due and owing under the original agreement. Unlike the agreement in Iuka, Thompson’s making two of the four payments was neither an additional benefit to First American nor an additional detriment to Thompson.
¶ 16. We agree with the circuit court that the alleged agreement between Thompson and the bank teller was barred by the statute of frauds and that there was no additional consideration for the alleged forbearance by First American. This issue is without merit.

2. Promissory Estoppel

¶ 17. Thompson argues that even if the agreement, which he alleges arose from the bank teller’s representation to him, is subject to the statute of frauds and lacks consideration, it is still enforceable because First American is estopped under the doctrine of promissory estoppel from asserting either of those defenses. Our supreme court has addressed the circumstances when it is appropriate to invoke the affirmative defense of promissory es-toppel as follows:
An estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice.
C.E. Frazier Constr. Co. v. Campbell Roofing and Metal Works, Inc., 373 So.2d 1036, 1038 (Miss.1979) (emphasis added) (citing 28 Am.Jur.2d, Estoppel and Waiver, § 48 (1966)).
¶ 18. The general rule concerning estoppel and its application to the statute of frauds is well settled:
It is universally conceded that the doctrine of equitable estoppel may be invoked to preclude a party to a contract from asserting the unenforceability of a contract by reason of the fact that it is not in writing as required by the statute of frauds. As is often said, the statute of frauds may be rendered inoperative by an estoppel in pais. Where one has acted to his detriment solely in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the statute of frauds. This is based upon the principle established in equity, and applying in every transaction where the statute is invoked, that the statute of frauds, having been enacted for the purpose of preventing fraud, shall not be made the instrument of shielding, protecting, or aiding the party who relies upon it in the perpetration of a fraud or in the consummation of a fraudulent scheme.
Sanders v. Dantzler, 375 So.2d 774, 776 (Miss.1979) (citation omitted).
¶ 19. Since neither the lack of consideration nor the statute of frauds can bar the enforcement of an agreement where promissory estoppel is appropriate, the real issue becomes whether promissory es-toppel applies in this case. We find that it does not. As mentioned above, the elements of promissory estoppel are: (1) the making of a promise, even though without consideration, (2) the intention that the promise be relied upon and in fact is relied upon, and (3) a refusal to enforce it would virtually sanction the perpetuation of fraud or would result in other injustice. C.E. Frazier Constr. Co., 373 So.2d at 1038.
¶ 20. Here, the bank teller allegedly promised Thompson that the foreclosure proceedings on his property would cease if he made two payments on his loan instead of bringing the loan current. Thompson made the two payments. Therefore, at *789 first blush, it may appear arguably that Thompson proved the first and second elements of promissory estoppel, as he testified that the bank teller promised that the bank would forgo foreclosure proceedings if he made the two payments. However, a closer look at this fact scenario reveals its infirmity: the absence of any fact allegations that the bank teller was authorized to speak for, or make decisions on behalf of, First American. It is common knowledge that a bank teller is not a bank officer and that the job of a bank teller does not encompass making decisions in mortgage foreclosure matters. Further, the bank teller did not foreclose on Thompson’s property and had no authority to do so. Maybe we would have a different situation if it were the president of First American that had made the promise or if there were any evidence that the bank teller was authorized to speak for First American, but we do not. Therefore, there is no genuine issue of material fact regarding whether First American ever promised Thompson anything regarding its willingness to forgo foreclosure proceedings in exchange for his making only two of the four installments that were already past due.
¶ 21. Even assuming arguendo that the bank teller’s alleged representation to Thompson is binding on First American, Thompson’s promissory estoppel argument still fails, because our failure to enforce the agreement would not sanction the perpetuation of fraud nor would it result in other injustice. As stated, Thompson not only owed the two payments that he made, but he also owed two other payments that he did not make. We cannot discern how it would sanction an injustice or perpetrate a fraud for a bank to collect what is rightfully owed to it. Accordingly, we agree with the chancellor that Thompson failed to prove that, on the facts of this case, promissory estoppel is an impediment to the granting of summary judgment. Therefore, we find that this contention of error is without merit and affirm the judgment of the circuit court granting summary judgment for First American.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.

. The Substituted Trustee’s Notice of Sale stated that the foreclosure sale would occur on July 8, 2003.